# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES DANIEL SEADORF,

Defendant-Appellant.

FOR PUBLICATION
November 21, 2017
9:10 a.m.

No. 335592
Kent Circuit Court
LC No. 16-000711-FH

Before: SWARTZLE, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant, James Daniel Seadorf, appeals by delayed leave his convictions for child sexually abusive activity, MCL 750.145c(2); and using a computer to commit a crime, MCL 752.797(3)(d). Defendant's convictions were entered pursuant to a plea agreement. The trial court sentenced defendant to 3 to 20 years' imprisonment for the child sexually abusive activity conviction and to one to seven years' imprisonment for the using of a computer to commit a crime conviction. We affirm.

This case arises from the viewing of child sexually abusive material between the dates of August 1, 2017, and October 27, 2017. During this period, defendant, a 34-year-old male, used a computer to download child pornography for personal possession and use at home. Defendant was charged with four criminal counts: Count 1, commercial child sexually abusive activity, MCL 750.145c(2); Count 2, using a computer to commit a crime, MCL 752.797(3)(f), punishable by imprisonment of up to 20 years; Count 3, possession of child sexually abusive material, MCL 750.145c(4); and Count 4, using a computer to commit a crime, MCL 752.797(3)(d), punishable by imprisonment of up to 7 years.

Pursuant to a plea agreement, defendant pleaded guilty to Counts 1 and 4 in exchange for the dismissal of Counts 2 and 3. Defendant admitted to downloading the child sexually abusive material. Upon searching defendant's phone, police officers located several photo albums containing child sexually abusive material. A further investigation into defendant's home computer revealed several images and videos of child sexually abusive material saved on defendant's computer hard drive. The trial court accepted defendant's guilty plea.

Defendant appeared before the trial court for sentencing and received concurrent terms of incarceration as noted above. The sentencing guidelines were determined to be 45 to 75 months for the most serious felony. But by agreement, the sentencing guidelines were modified to 30 to

50 months. Before sentencing, a discussion in chambers took place indicating that an appropriate sentence for defendant would be 36 months. Defendant asked the trial court to impose this as a minimum sentence, and the trial court responded that it was "sentencing within the guidelines, consistent with the plea agreement."

Defendant filed a Motion to Withdraw Guilty Plea in Kent County Circuit Court. Defendant argued that his guilty plea to a 20-year felony should be vacated because he was not involved in the production, distribution, or promotion of child sexually abusive activity. Instead, defendant stated he only downloaded the child sexually abusive material; thus, he was guilty of the four-year maximum felony under MCL 750.145c(4) and not the 20-year felony under MCL 750.145c(2). The trial court denied the motion.

A trial court's decision on a motion to withdraw a guilty plea made after sentencing will not be disturbed on appeal unless there is a clear abuse of discretion. *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011). Questions of statutory interpretation are reviewed de novo. *People v Flick*, 487 Mich 1, 8-9; 790 NW2d 295 (2010).

Defendant first argues that the trial court abused its discretion by denying defendant's motion to withdraw guilty plea because his plea was not accurate. We disagree.

A "defendant may file a motion to withdraw the plea within 6 months after sentence." MCR 6.310(C). Most importantly, "[a] defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). If the trial court finds such an error, "the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea." MCR 6.310(C). Once it has been accepted by the trial court, there is no absolute right to withdraw a guilty plea. *Effinger*, 212 Mich App at 69.

When a "defendant pleads guilty, the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading. MCR 6.302(D)(1). "The court may not accept a plea of guilty . . . unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A).

MCL 750.145c(2) provides:

A person who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material, or a person who arranges for, produces, *makes*, *copies*, reproduces, or finances, or a person who attempts or prepares or conspires to arrange for, produce, *make*, *copy*, reproduce, or finance any child sexually abusive activity or child sexually abusive material for personal, distributional, or other purposes is guilty of a felony, punishable by imprisonment for not more than 20 years, or a fine of not more than $100,000.00, or both, if that person knows, has reason to know, or should reasonably be expected to know that

-2-

the child is a child or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the age of the child. [Emphasis added.]

Defendant claims he was only guilty of violating MCL 750.145c(4), which states:

A person who knowingly possesses or knowingly seeks and accesses any child sexually abusive material is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $10,000.00, or both, if that person knows, has reason to know, or should reasonably be expected to know the child is a child or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the age of the child.

Defendant believes that his guilty plea was not accurate or appropriate because he only downloaded image files for personal use; therefore, he should not be found guilty of the 20-year felony for child sexually abusive activity because there was no sufficient factual basis to support his guilty plea.

In 2012, however, the Legislature adopted PA 583 which effective March 1, 2013, amended the language of MCL 750.145c to include a definition of "make" as:

to bring into existence by *copying*, shaping, changing, or combining material, and specifically includes, but is not limited to, intentionally creating a reproduction, copy, or print of child sexually abusive material, in whole or part. Make does not include the creation of an identical reproduction or copy of child sexually abusive material within the same digital storage device or the same piece of digital storage media. [MCL 750.145c(1)(j) (emphasis added); see 2012 PA 583.]

Additionally, the statutory language of MCL 740.145c(2) was modified to include the words "copies, reproduces" and "for personal, distributional, or other purposes." See 2012 PA 583.

Defendant's argument that the term "makes" does not include downloading an image is incorrect. While simply viewing an image on the Internet does not amount to "making" content because the individual has not actually copied the image yet, copying an image that is either stored on a computer hard drive or burned to a CD-ROM or other digital storage media device is considered "making" content. Defendant admits to downloading child sexually abusive material, and several images and videos were found on defendant's phone and computer. Because defendant saved new images and videos into folders, he created new copies of the content; thus, defendant "made" content. Although the term download has multiple meanings, "[i]t is often used to refer to actively saving a copy of a file to a computer's hard drive." *Flick*, 487 Mich at 30 n 7 (CAVANAGH, J., concurring in part and dissenting in part). Per MCL 750.145c(2), "copying" child sexually abusive material falls into the 20-year felony offense.

-3-

Defendant's second argument on appeal is that his sentence was unreasonable and violated the Sixth Amendment and *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). Defendant has waived appellate review of this issue.

In this case, defendant pled guilty. "[A] defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence." *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005). In *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993), the Court held that "a defendant who pleads guilty or nolo contendere with knowledge of the sentence, and who later seeks appellate sentence relief under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), must expect to be denied relief on the ground that the plea demonstrates the defendant's agreement that the sentence is proportionate to the offense and offender." Although defendant's guilty plea sentence did not exceed the guidelines, the same logic can be applied for pleas that result in downward departures from the sentencing guidelines.

Consequently, the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea because there is a sufficient factual basis to show that defendant downloaded child sexually abusive material. Additionally, defendant waived appellate review of the reasonableness of his sentence; therefore, defendant is not entitled to resentencing.

We affirm.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Jane E. Markey

-4-