# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ZOUELFIKAR MAHMOUD NEHMEH,

Defendant-Appellant.

UNPUBLISHED
December 13, 2018

No. 341247
Wayne Circuit Court
LC Nos. 05-010832-01-FH;
             08-003200-01-FC;
             08-003209-01-FC

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Defendant, Zouelfikar Nehmeh, appeals by delayed leave granted[1] his no-contest pleas and sentences in three separate cases. For the reasons stated in this opinion, we affirm in part, vacate in part, and remand for further proceedings.

## I. BASIC FACTS

In Docket No. 05-010832-01-FH (the 2005 case) Nehmeh pleaded no contest to one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e, and was sentenced in April 2006 to two years' probation. In 2008, Nehmeh pleaded no contest in two additional cases. Specifically, he pleaded no contest to two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, in Docket No. 08-003200-01-FC, and to one count of CSC-II in LC No. 08-003209-01-FC (collectively the 2008 cases). He also pleaded no contest to violating his probation in the 2005 case. On June 20, 2008, the trial court sentenced Nehmeh to prison terms of 8 to 15 years for each CSC-II conviction in the 2008 cases, and to 211 days to 15 years in the 2005 case. On March 17, 2009, the trial court sua sponte amended the judgments of sentence in the 2008 cases to state that the sentences are "consecutive to parole" and that Nehmeh was subject to "lifetime electronic monitoring."

In 2014, Nehmeh filed an application for leave to appeal an order by the trial court denying his motion for relief from judgment. This Court, in lieu of granting the application,

---

[1] *People v Nehmeh*, unpublished order of the Court of Appeals, entered January 30, 2018 (Docket No. 341247).

remanded the case to the trial court for correction of Nehmeh's presentence report, but denied leave to appeal in all other respects "for lack of merit in the grounds presented." *People v Nehmeh*, unpublished order of the Court of Appeals, entered March 12, 2015 (Docket No. 324096). Thereafter, our Supreme Court determined that Nehmeh had earlier lost his right to direct review of his convictions and sentences through no fault of his own, and accordingly, remanded the case to the trial court for appointment of a substitute appellate lawyer, who was permitted to file an application for leave to appeal in this Court for consideration under the standards for direct appeals. *People v Nehmeh*, 501 Mich 882, 882 (2017). After an appellate lawyer was appointed, Nehmeh filed a delayed application for leave to appeal with this Court, asserting that his no-contest pleas were not voluntarily and understandingly made because they were the product of his trial lawyer's coercion and ineffective assistance, and because the trial court failed to advise him of the consequences of lifetime electronic monitoring.

## II. NEHMEH'S RIGHT TO CHALLENGE THE VALIDITY OF PLEA

Preliminarily, the prosecution argues that Nehmeh should be foreclosed from challenging the validity of his pleas because he did not seek relief from his pleas in a timely filed motion to withdraw the pleas in the trial court. See MCR 6.310(C) and (D). However, our Supreme Court determined that Nehmeh's prior appointed appellate lawyer failed to act on Nehmeh's behalf within the time for direct appeal. Accordingly, the Court remanded the case to the trial court because

> through no fault of the defendant, he lost the right to direct review of his convictions and sentences. On remand, substitute appellate counsel, once appointed, may file an application for leave to appeal in the Court of Appeals for consideration under the standard for direct appeals, and/or any appropriate postconviction motions in the circuit court, within six months of the date of the circuit court's order appointing or reappointing counsel. [*Nehmeh*, 501 Mich at 883.]

On remand, the appointed substitute appellate lawyer filed an application for leave to appeal with this Court, and this Court granted the application. Notwithstanding any limitations in MCR 6.310(C), in light of the Supreme Court's order, we shall consider the merits of Nehmeh's appeal under the standard for direct appeals. See *Augustine v Allstate Ins Co*, 292 Mich App 408, 425; 807 NW2d 77 (2011).

## III. PLEA WITHDRAWAL

### A. STANDARD OF REVIEW

Nehmeh argues that he is entitled to withdraw his no-contest pleas in the 2008 cases because the trial court did not advise him that he would be subject to lifetime electronic monitoring. He also argues that he should be allowed to withdraw his pleas because his trial lawyer provided ineffective assistance. "A trial court's decision on a motion to withdraw a guilty plea made after sentencing will not be disturbed on appeal unless there is a clear abuse of discretion." *People v Seadorf*, 322 Mich App 105, 109; 910 NW2d 703 (2017). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled

-2-

outcomes." *Id.* (quotation marks and citation omitted). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Any findings of fact by the trial court are reviewed for clear error. *Id.* at 188.

## B. ANALYSIS

Nehmeh was convicted of three counts of CSC-II under MCL 750.520c for sexually abusing the complainants, who were under the age of 13 at the time of the abuse. Nehmeh was an adult at the time of the offenses. MCL 752.520n(1) provides that "[a] person convicted under section . . . 520c for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring . . . ." See also MCL 750.520c(2)(b). The parties do not dispute that Nehmeh was subject to lifetime electronic monitoring. In *People v Cole*, 491 Mich 325, 338; 817 NW2d 497 (2012), our Supreme Court held "that mandatory lifetime electronic monitoring for convictions of CSC-I and CSC-II is part of the sentence itself and is therefore a direct consequence of a defendant's guilty or no-contest plea." Consequently, "at the time a defendant enters a guilty or no-contest plea, the trial court must inform the defendant if he or she will be subject to lifetime electronic monitoring." *Id*.

Here, Nehmeh was not advised of the requirement of lifetime electronic monitoring at the time he entered his no-contest pleas. However, the trial court did not impose any requirement of lifetime electronic monitoring when it originally sentenced defendant on June 20, 2008. This requirement was first added when the trial court sua sponte issued the amended judgments of sentence on March 17, 2009. Under these circumstances, the prosecution argues, and we agree, that the appropriate remedy is not to remand to the trial court to allow Nehmeh to withdraw his pleas, but to vacate the amended judgments of sentence on the ground that the trial court lacked the authority to sua sponte amend the judgments.

In *People v Comer*, 500 Mich 278; 901 NW2d 553 (2017), our Supreme Court concluded that the defendant's original sentence was invalid because it did not include the required imposition of electronic monitoring. *Id*. at 283. The Court concluded, however, that pursuant to MCR 6.435 and MCR 6.429, "the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence." *Comer*, 500 Mich at 297. "Under these rules, a party must move to correct an invalid sentence; a court cannot do so on its own accord after entry of judgment." *Id*. at 299. The Court vacated the trial court's corrected judgment of sentence, and remanded the case to the trial court to reinstate the previous judgment of sentence that omitted the requirement of electronic monitoring. *Id*. at 300-301.

The Court's decision in *Comer* was based on MCR 6.429(A), which then provided:

A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law.[2]

Thus, pursuant to *Comer*, the trial court lacked the authority to sua sponte amend Nehmeh's judgments of sentence to impose electronic monitoring. We therefore vacate his amended judgments of sentence in Docket Nos. 08-003200-01-FC and 08-003209-01-FC, and remand for reinstatement of the original judgments of sentence entered on June 20, 2008, which did not include the requirement of lifetime electronic monitoring.

Nehmeh also argues that he should be allowed to withdraw his plea because his trial lawyer failed to provide adequate assistance. In support, he notes that one of the complainants has recanted her allegations of sexual abuse, and because of misconduct by the prosecutor and the investigating detective. To establish ineffective assistance, a defendant must show that his lawyer's performance was deficient, i.e., "it fell below an objective standard of reasonableness," and but for his lawyer's error, "there is a reasonable probability that the outcome of the defendant's trial could have been different." *Id.* The defendant "bears the burden of establishing the factual predicate for his claim." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (quotation marks and citation omitted). In the context of a guilty plea, claims of ineffective assistance pertain to "whether the defendant tendered the plea voluntarily and understandingly." *People v White*, 307 Mich App 425, 431; 862 NW2d 1 (2014).

Nehmeh averred in an affidavit that he was coerced into entering his pleas because his lawyer refused to represent him at trial unless he paid an additional $100,000 fee. This claim is directly contradicted by Nehmeh's statements at the plea hearing. Before the trial court accepted his pleas, it questioned him under oath to determine if the pleas were knowingly, voluntarily, and understandingly made. Nehmeh stated that no one had threatened, coerced, or pressured him into pleading no contest, and that he was doing so freely, voluntarily, knowingly, and intelligently. Nehmeh also expressed his satisfaction with his lawyer's assistance, and agreed that his lawyer was acting in his best interests. Nehmeh's "contradictory affidavit is insufficient to contradict his sworn testimony in open court." *Id.* at 432. Thus, Nehmeh is not entitled to plea withdrawal on this basis.

---

[2] MCR 6.429(A) has since been amended, effective September 1, 2018. It now provides:

The court may correct an invalid sentence, *on its own initiative after giving the parties an opportunity to be heard*, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence. [Emphasis added.]

This amendment does not apply in this case, in which the trial court amended Nehmeh's judgments of sentence in 2009, well before the effective date of the court rule amendment.

Nehmeh further contends that his lawyer was ineffective by failing to interview witnesses and failing to file potentially successful motions. However, Nehmeh has not identified any witnesses he believes should have been interviewed, and he does not specify what motions he believes his lawyer should have filed or that could have provided a viable defense. Thus, Nehmeh has not established a factual predicate for these claims. *Putman*, 309 Mich App at 248.

Nehmeh also asserts that one of the complainants, AW, recanted her allegations to her mother. Nehmeh's only evidence of recantation is the mother's affidavit stating that AW told her that Nehmeh did not abuse her, and Nehmeh's own affidavit referencing the mother's statements. These affidavits are not competent evidence of recantation because they are based on inadmissible hearsay. MRE 801(c); MRE 802. As the trial court observed, Nehmeh did not submit any affidavit from AW herself either recanting or otherwise denying the allegations.

Finally, Nehmeh asserts that the detective who investigated this case and the complainants' father collaborated to coach the complainants to fabricate the allegations. He also accuses the detective of threatening and intimidating Nehmeh's wife and mother of the complainants, and Nehmeh and his wife's sons. He further alleges that the complainants' father told the prosecutor that the complainants did not want to testify because they did not want to give false testimony against defendant. Again, Nehmeh has failed to present competent evidence to support these allegations. Although Nehmeh asserts that the detective threatened and intimidated his sons, he does not specify how the detective allegedly threatened or intimidated them, and he has not provided any affidavits from his sons regarding any allegedly threatening or intimidating conduct. Nehmeh's wife merely asserted in her affidavit that she told AW that the detective "kept [her] out of court." She did not indicate how or why, and she too did not otherwise identify any allegedly threatening or intimidating conduct by the detective. Nehmeh's claim that the complainants' father told the prosecutor that the complainants did not want to offer false testimony against Nehmeh is based on a statement allegedly made by AW to her mother. But defendant did not provide any affidavit from AW to support that she heard any such statement, nor did the mother refer to any such statement by AW in her own affidavit. Given these deficiencies, the trial court did not abuse its discretion by denying Nehmeh's motion to withdraw his no-contest pleas.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien