*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SURINDER KUMAR,

        Defendant-Appellant.

UNPUBLISHED
August 26, 2021

No. 353307
Monroe Circuit Court
LC No. 18-244768-FC

Before: CAVANAGH, P.J., MURRAY, C.J., and REDFORD, J.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his guilty-plea conviction of possession with intent to deliver more than 1,000 grams of cocaine, MCL 333.7401(2)(a)(*i*). The trial court sentenced defendant to 180 to 480 months' imprisonment. We affirm.

## I. FACTUAL BACKGROUND

During a stop at a weigh station in Monroe County, a law enforcement officer observed a possible overweight violation for the tractor-trailer driven by defendant. Defendant told the officer that the truck transported rice from Mississippi to Toronto, Ontario. The officer reviewed the bill of lading defendant presented that contained information regarding the contents of the trailer and it stated the serial number of a trailer seal. The officer observed two trailer seals on the trailer door latch, neither of which matched the number written on the bill of lading. Defendant informed the officer that the trailer had been sealed when he picked it up in Mississippi. The officer had defendant cut the seals and he inspected the cargo. The officer found three cardboard boxes inside the trailer that were not on the bill of lading. The officer opened one of the boxes and found packages wrapped in green cellophane and tape. In the cab, the officer found a bag containing numerous spare trailer door seals. Upon investigation, law enforcement officers determined that the boxes contained a total of approximately 55 kilos of cocaine. Further, defendant's electronic

---

[1] *People v Kumar*, unpublished order of the Court of Appeals, entered July 13, 2020 (Docket No. 353307).

log book revealed a discrepancy with defendant's story about his travel route and stops. Law enforcement obtained additional evidence that indicated where defendant obtained the boxes.

The prosecution charged defendant with possession and intent to deliver more than 1,000 grams of cocaine in violation of MCL 333.7401(2)(a)(*i*). On the day of trial, defendant chose to enter a guilty plea. Two attorneys represented defendant at the plea hearing conducted by the trial court and an interpreter assisted the communication between the court and defendant. One of defendant's attorneys also spoke defendant's native language, Punjabi. During the plea hearing, the trial court informed defendant of his rights, that he was presumed innocent, that the prosecution had the burden to prove all of the elements of the charged offense, explained the charged offense, and the potential consequences of his guilty plea respecting his rights, and the possible sentence that could be imposed for the crime. The trial court specifically asked defendant if anyone including his attorneys had forced him to plead guilty. Defendant affirmed that he chose to plead guilty. Defendant affirmed that he knowingly and voluntarily entered his plea and that there were no promises, threats, or inducements made to him for his plea. The trial court presented defendant an Advice of Rights form and the interpreter read it to defendant who afterward executed the form. The parties' respective counsel advised the trial court that there were no inducements offered to defendant to secure his guilty plea. When asked to explain what happened, defendant initially claimed ignorance of the presence of cocaine in the trailer. The trial court advised defendant that it would not accept his plea. After further discussion with defense counsel, defendant then admitted that he knew that drugs were in the trailer but denied knowing the exact quantity. Defendant admitted to possessing with the intent to deliver 1,000 grams or more of cocaine. Defendant admitted that he assisted some people at a spot along his way from Mississippi to Michigan with loading the three boxes onto the back of his truck and that he knew the boxes contained narcotics. Defendant admitted that he lifted one of the boxes himself and knew that it weighed more than two pounds. He admitted that he intended to take the three boxes to Canada. The parties stipulated that defendant possessed over 1,000 grams of cocaine. The parties' respective attorneys affirmed that the trial court had complied with the applicable court rule for accepting the plea. The trial court, therefore, accepted defendant's guilty plea and found him guilty as charged.

For sentencing, the Department of Correction's (MDOC) calculated the sentencing guidelines minimum sentence range of 108 to 180 months' imprisonment. At sentencing, both of defendant's counsel expressed satisfaction with the MDOC recommendation. The prosecution stated that, had the case gone to trial, it would have sought an upward departure sentence because of the severity of the crime. The trial court explained that the offense carried a potential life sentence and opined that the amount of cocaine seized in this case constituted the largest drug seizure in the county. The trial court acknowledged the minimum sentence range determined under the guidelines. The trial court noted the sophistication used to transport the cocaine seized in this case. The trial court, therefore, sentenced defendant to 180 to 480 months' imprisonment. Defendant immediately sought clarification of the sentence. The trial court clarified that it sentenced defendant to 15 to 40 years' imprisonment. Upon learning that he had been sentenced to a minimum sentence of 15 years' imprisonment, defendant asserted that his attorneys told him he would receive a sentence of eight years if he pleaded guilty. Both of defendant's attorneys explained on the record that they each had explained everything to defendant in detail, including in defendant's language, to help him understand everything and never misrepresented anything to him. The trial court found that defendant had received good counsel from his two attorneys and

no mistakes had been made. After sentencing, defendant acquired new counsel and moved to withdraw his plea, correct his invalid sentence, and requested an evidentiary hearing. The trial court held a hearing on this motion and denied it in its entirety.

## II.  EFFECTIVE ASSISTANCE OF COUNSEL

### A.  GUILTY PLEA

Defendant argues that he received ineffective assistance of counsel because his trial counsel told him he would receive a minimum sentence of eight years' imprisonment if he pleaded guilty, but the trial court imposed a minimum sentence of 15 years' imprisonment. We disagree.

A claim of ineffective assistance of counsel "presents a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). We review the trial court's findings of fact, if any, for clear error, and review de novo its conclusions of law. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289. To preserve a claim of ineffective assistance of counsel, a defendant must move for an evidentiary hearing. *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). In this case, defendant moved for an evidentiary hearing[2] but the trial court denied the motion. Therefore, our review is limited to mistakes apparent from the record. *Id*.

"As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Pennington*, 323 Mich App 452, 461; 917 NW2d 720 (2018) (quotation marks and citation omitted). To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and, (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "In demonstrating prejudice, the 'defendant must show the outcome of the plea process would have been different with competent advice.' " *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014), quoting *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012). Specifically, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v Lockhart*, 474 US 52, 59; 106 S Ct 366; 88 L Ed 2d 203 (1985) (quotation marks omitted).

"As with any other claim of ineffective assistance, [t]he defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020) (quotation marks and citation omitted; alteration in original). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Traver*, 328 Mich App 418, 422; 937 NW2d 398 (2019) (quotation marks and citation omitted). Additionally, "[c]ounsel's performance is strongly presumed to have been

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

born from a sound trial strategy." *White*, 331 Mich App at 149 (quotation marks and citation omitted).

In this case, defendant has not provided any evidence to support his claim that either of his defense counsel told him he would only be sentenced to eight years' imprisonment if he pleaded guilty. Even when initially claiming ineffective assistance of counsel below in his motion for a withdrawal of plea, correction of an invalid sentence, and request for an evidentiary hearing, defendant failed to attach an affidavit in support of this allegation. Rather, the only indication that trial counsel allegedly told defendant regarding his minimum sentence comes from defendant's bare assertions which are contradicted by defendant's own testimony at the plea hearing, at which he affirmed that he understood the nature of the offense and the consequences of his plea, and testified that neither of his counsel forced him to plead guilty or promised him anything to induce his guilty plea. Defendant further affirmed that he understood that, by pleading guilty, he was "giving up any claim that his plea [was] the result of promises . . . that were not disclosed to [the court] on the record . . . ." Both defense counsel and the prosecution denied being aware of any inducements forcing defendant to plead guilty. Moreover, the trial court informed defendant that the charged felony offense to which he sought to plead guilty carried a maximum life sentence or any term of years. Because defendant's argument rests solely on unsupported assertions, he has failed to establish the factual predicate of his ineffective assistance claim respecting his guilty plea. *White*, 331 Mich App at 148.

Even if defendant could demonstrate that his trial counsel erroneously advised him that he would be sentenced only to eight years' imprisonment if he pleaded guilty, he cannot demonstrate that he suffered prejudice from such erroneous advice. Specifically, he cannot demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 US at 59. The trial court advised defendant that a violation of MCL 333.7401(2)(a)(*i*) is "a felony punishable by imprisonment for life or any term of years or a fine of not more than [$1 million], or both." The record reflects that the trial court and defendant's counsel fully informed defendant of his rights and the potential consequences of pleading guilty to the charged offense. Defendant affirmed that he had not been told anything that had not been stated on the record.

Further, the record reflects that defense counsel both affirmed that they found no error in the calculation of the minimum sentence range under the guidelines of 108 months to 180 months—9 years to 15 years. The trial court sentenced defendant to a minimum of 180 months' imprisonment, a sentence within the advisory sentencing guidelines minimum range. The record reflects that defendant possessed and intended to deliver approximately 55 times the amount of cocaine contemplated by MCL 333.7401(2)(a)(*i*). The trial court could have sentenced defendant to an upward departure sentence but declined to do so. Under the facts of this case, defendant has failed to demonstrate that he would have chosen to proceed to trial had defense counsel told him that if he pleaded guilty he could face a minimum sentence of more than eight years. *Randolph*, 502 Mich at 9. Therefore, defendant has failed to establish that defense counsel provided him ineffective assistance respecting his guilty plea.

## B. SENTENCING

Defendant also argues that defense counsel provided him ineffective assistance by failing to advocate for a lower sentence. We disagree.

Defendant must establish both that defense counsels' performance fell below an objective standard of reasonableness and that the result of the proceedings would have been different but for his counsels' deficient performance. *Trakhtenberg*, 493 Mich at 51. He must overcome the strong presumption of effective assistance. *Traver*, 328 Mich App at 422 (citation omitted). "Counsel is not ineffective for failing to pursue a meritless position." *White*, 331 Mich App at 152 n 6 (citation omitted).

The record reflects that, at the plea hearing after the trial court accepted defendant's guilty plea, defense counsel advocated for a light sentence and requested that he be permitted to remain out of jail until sentencing because defendant had behaved properly while on bond. The prosecution reminded the trial court that defendant attended all proceedings and agreed that he had not violated the terms of his bond.

The record also reflects that the trial court calculated defendant's minimum sentence range of 108 months to 180 months—9 years to 15 years. Defendant neither challenged the scoring of any of the offense variables or prior record variables, nor the sentencing guidelines minimum range calculation. The trial court indicated that it reviewed the Presentence Investigation Report (PSIR) and defendant requested no changes to its contents. Defendant contends that his defense counsel should have advocated for a lower sentence and he finds fault with both attorneys' approval of and request for the trial court's adoption of the sentence recommended in the PSIR of 108 months to 360 months—9 years to 30 years' imprisonment. The record indicates that defense counsel sought adoption of the recommended sentence because defendant's felony conviction could have resulted in the imposition of a life sentence or a longer term of years, considering that defendant possessed with the intent to deliver 55 times the amount of cocaine contemplated by MCL 333.7401(2)(a)(*i*). Defendant did not challenge in the trial court the minimum sentence range calculated under the guidelines, and he does not challenge that calculation on appeal. The record indicates that any attempt by defense counsel to advocate for a downward departure from the range under the guidelines likely would have been futile. Although defendant expresses his preference for a lower minimum sentence, he has not established that he should have or could have been sentenced to a lower minimum sentence. The record of the sentencing hearing also indicates that defense counsel responded to defendant's assertion that they told him that he would get an eight-year minimum sentence. Each attorney advised the trial court that they fully informed defendant of his rights and the potential severe consequences of his guilty plea and had not misrepresented anything in their communications with defendant. The record establishes that defendant has failed to show entitlement to a lower minimum sentence, that defense counsel could have obtained a lower minimum sentence for him, or that defense counsels' conduct fell below an objective standard of reasonableness.

Even if defense counsels' failure to advocate for an even lower sentence fell below an objective standard of reasonableness, defendant cannot establish a reasonable probability that the outcome of sentencing would have been different, but for defense counsels' alleged defective performance. The record reflects that the trial court declined defense counsels' request for the

imposition of the recommended sentence and chose to impose a sentence of 180 months to 480 months' imprisonment. The trial court fully explained its rationale for that sentence. The trial court emphasized the amount of cocaine defendant had in his possession with the intent to deliver. The trial court explained that defendant's conduct indicated a high level of sophistication and involvement in drug trafficking. The court further stated that it considered departing from the sentencing guidelines minimum range but decided not to do so. Considering the trial court's analysis of the severity of defendant's crime, defendant has failed to establish a reasonable probability that the trial court would have imposed a lower sentence had defense counsel advocated for such. Defendant, therefore, has failed to establish that defense counsel provided him ineffective assistance regarding his sentence.

In relation to his claims that defense counsel provided him ineffective assistance, defendant requests that we remand this case for an evidentiary hearing to potentially develop the record to support his ineffective assistance claims. We decline to do so because he has failed to establish that his attorneys performed deficiently and the record of the plea hearing and sentencing is more than adequate for our determination of his claims on appeal.

"A trial court's decision to hold an evidentiary hearing is generally reviewed for an abuse of discretion." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "The facts supporting the grant or denial of an evidentiary hearing are reviewed for clear error, and the application of the law to those facts is reviewed de novo." *Id*. "A trial court's factual finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. (quotation marks and citation omitted).

"The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *White*, 331 Mich App at 148 (quotation marks and citation omitted). A defendant demonstrates entitlement to an evidentiary hearing by showing that further development of facts outside the record is necessary to make an ineffective assistance of counsel claim on appeal. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). However, a trial court's denial of a *Ginther* hearing does not entitle a defendant to relief if this Court is not persuaded that further factual development would advance the defendant's claims. *People v Chapo*, 283 Mich App 360, 368-369; 770 NW2d 68 (2009).

In this case, the trial court did not abuse its discretion by denying defendant's request in his motion to hold an evidentiary hearing. In declining defendant's request, the trial court indicated that it had thoroughly reviewed the record in this case. The trial court correctly recounted that, at the plea hearing, defendant denied receiving any promises, inducements, or threats. The trial court recalled that it had specifically inquired of defendant whether any promises existed that had not been placed on the record at the plea hearing to which defendant responded that there had been none. At the sentencing hearing, the trial court addressed defendant's assertion that his sentence was unfair because his attorneys told him he would get an eight-year sentence and defense counsel clarified on the record that they had explained to defendant his rights and the potential for a severe sentence. At the hearing on defendant's post-sentencing motion, the trial court considered defendant's request for an evidentiary hearing but noted that he had not supported his motion with any evidence or testimony regarding his assertion that he had been told he would get an eight-year

sentence. The trial court appropriately concluded that the record did not support defendant's claim that he would have chosen to go to trial had his counsel not misadvised him regarding the sentence. The trial court further recalled that it had informed defendant at the plea hearing that he potentially faced life imprisonment if he pleaded guilty to the commission of the charged offense.

The trial court did not clearly err regarding any of its findings. Although defendant claimed that his defense counsel told him he would only receive eight years' imprisonment if he pleaded guilty, he failed to present any evidence of such a promise beyond his mere assertions. Therefore, the trial court did not abuse its discretion by declining to hold an evidentiary hearing. We are not persuaded that further factual development of the record would advance his claims.

### III. VOLUNTARINESS OF DEFENDANT'S PLEA

Defendant essentially argues that the trial court erred by not permitting him to withdraw his guilty plea. He contends that he did not voluntarily or knowingly enter his plea which he asserts had an illusory quality by not providing him a reduction in charges or any other benefit. We disagree.

We review for an abuse of discretion a trial court's decision on a motion to withdraw a guilty plea. *People v Seadorf*, 322 Mich App 105, 109; 910 NW2d 703 (2017). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011) (quotation marks and citation omitted). We review de novo underlying questions of law and for clear error the trial court's factual findings. *People v Martinez*, 307 Mich App 641, 646–647; 861 NW2d 905 (2014). "The issue whether the trial court followed the proper procedures for entry of a plea agreement constitutes a question of law that we review de novo." *People v Smith*, 319 Mich App 1, 5; 900 NW2d 108 (2017).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017) (quotation marks and citation omitted). A defendant may, however, move to set aside his or her plea "on the basis of an error in the plea proceedings." *Id.* "To succeed on such a motion after sentencing, the defendant must demonstrate a defect in the plea-taking process." *Id.* at 615-616 (quotation marks and citation omitted). In *Pointer-Bey*, this Court explained:

> Under MCR 6.302, to be valid, a plea must be understanding, voluntary, and accurate. To ensure that a guilty plea is accurate, the trial court must establish a factual basis for the plea. In order for a plea to be voluntary and understanding, the defendant must be fully aware of the direct consequences of the plea. The penalty to be imposed is the most obvious direct consequence of a conviction. Therefore, MCR 6.302(B)(2) requires the trial court to advise a defendant, prior to the defendant's entering a plea, of the maximum possible sentence for the offense and any mandatory minimum sentence required by law[.] [*Id.* at 616 (quotation marks and citations omitted).]

"Guilty pleas have been deemed involuntary or unknowing when defense counsel failed to explain adequately the nature of the charges." *People v White*, 307 Mich App 425, 431; 862 NW2d 1

(2014) (citation omitted). "A criminal defendant may be entitled to withdraw his or her guilty plea if the bargain on which the guilty plea was based was illusory, i.e., the defendant received no benefit from the agreement." *Pointer-Bey*, 321 Mich App at 621 (citation omitted).

In this case, the record reflects that the trial court properly followed the procedure under MCR 6.302. The trial court properly advised defendant of the consequences of the plea, the consequences of a conviction, and the maximum possible sentence for the charged offense. The trial court also established the factual basis for defendant's plea. The trial court made sure that defendant understood his rights and the consequences of entering a guilty plea.

Defendant argues that he did not voluntarily or knowingly enter his plea because defense counsel provided ineffective assistance by misadvising him of his potential minimum sentence. As previously discussed, defendant has failed and cannot establish ineffective assistance of counsel. The record provides no support for his allegation that defense counsel misadvised him or otherwise provided him ineffective assistance. Therefore, he cannot show that defense counsels' conduct rendered his plea involuntary or unknowing. Moreover, defendant affirmed at the plea hearing that he entered his plea both voluntarily and knowingly. He unequivocally attested that he entered his guilty plea by his own choice, understood his rights, understood the charge against him, and understood the potential punishment for his crime. The trial court informed defendant that the charged crime was a felony punishable by life imprisonment or any term of years. Defendant affirmed that he understood the nature of the offense, he admitted that he committed the elements of the offense, and he affirmed that he understood the consequences of entering his plea. The record does not support defendant's claim that he entered the plea involuntarily or unknowingly.

Defendant also asserts that his plea was illusory because his trial counsel induced him to enter the guilty plea by promising him a specific minimum sentence. Nothing in the record, however, supports defendant's assertion. At the plea hearing, defendant denied that anyone forced him to plead guilty and stated that it was his own choice to do so. Both of his counsel denied being aware of any inducements forcing him to plead guilty. The trial court informed defendant that, by pleading guilty, he was "giving up any claim that this plea is the result of promises or threats that were not disclosed to [the trial court] on the record or that this is not your own free will and choice to do so." Defendant affirmed that he understood. Defendant made no mention that his counsel had promised him that he would receive a minimum sentence of eight years. Even if defendant genuinely believed he would only receive eight years if he pleaded guilty, there is no evidence in the record that anyone made any promise respecting sentencing. *Id.*

Defendant's contention that he received no benefit by pleading guilty similarly lacks any support. The record reflects that the prosecution indicated at sentencing that, had the case gone to trial and defendant been convicted of the charged offense, the prosecution would have requested an upward departure sentence. The trial court expressed concern regarding the severity of the crime and stated that it considered an upward departure sentence, but instead, it imposed a minimum sentence that fell within the sentencing guidelines range. Further, the record indicates that defendant did not plead guilty pursuant to any plea bargain. Defendant cannot claim his plea was illusory where he cannot establish any bargain or agreement. Defendant, therefore, lacked entitlement to withdraw his plea. Accordingly, the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea.

## IV. REASONABLENESS AND PROPORTIONALITY OF SENTENCE

Defendant further argues that the trial court imposed an unreasonable and disproportionate sentence. We disagree.

"[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

"If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10).[3] "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). However, where, as here, the trial court did not depart from the recommended minimum sentence range as calculated under the guidelines, the minimum sentence must be affirmed unless the trial court committed an error in scoring or it relied on inaccurate information. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016).

The trial court correctly calculated defendant's minimum sentence range of 108 to 180 months' imprisonment under the sentencing guidelines. The trial court imposed a minimum sentence of 180 months. Although at the top end of the range, the minimum sentence imposed by the trial court did not depart from the properly calculated minimum sentence range. Defendant neither claims any error in scoring nor that the trial court relied on inaccurate information when imposing his sentence. Because the trial court did not depart from the minimum sentencing guidelines range and there are no claimed errors in scoring or reliance on inaccurate information, we must affirm defendant's sentence. *Id*.

Further, the record reflects that the trial court properly considered the seriousness of the circumstances surrounding the offense and offender before imposing defendant's sentence. The trial court, therefore, adhered to the principle of proportionality. "A sentence that falls within the appropriate sentencing guidelines range is presumptively proportionate." *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011) (citation omitted). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013), quoting *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000) (quotation marks omitted). Defendant has failed to do so.

---

[3] MCL 769.34(10) survived *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015) which held that the sentencing guidelines are advisory only. *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016).

Defendant argues that several factors rendered his 15-year minimum sentence disproportionate and unreasonable as applied to him, including his age, lack of a prior criminal record, consistent work history, cooperation at the scene of his arrest, his rehabilitative potential, his familial support, and his good behavior while on bond. While these factors may be favorable to defendant, they are not unusual circumstances such that they overcome the presumption of proportionality and render defendant's minimum sentence disproportionate to the seriousness of the crime or defendant's commission of the crime. Before imposing the sentence, the trial court explained that it had reviewed and considered the contents of the PSIR. The PSIR contained all of the information defendant claims the trial court needed to consider.

The record indicates that the trial court explained the severity of the crime in that it involved the transportation of a very large quantity of cocaine across several states, including Michigan. Although defendant correctly asserts that he did not have a prior criminal record, the record reflects that the commission of the crime demonstrated defendant's sophistication in planning and carrying it out because defendant carried extra seals for the trailer's doors so that, after the trailer had been loaded with its official cargo, he could break the seal, open the trailer, load it with the contraband, reseal the doors, and travel across state lines undetected. Further, defendant possessed and transported with intent to deliver approximately 55 kilos of cocaine, an amount substantially greater than the amount punishable by up to life imprisonment. MCL 333.7401(2)(a)(*i*).

The trial court properly considering the seriousness of the circumstances surrounding the offense and the offender. It did not abuse its discretion by imposing a sentence of 15 years to 40 years' imprisonment.

Defendant argues that, in the event that we remand for resentencing, this case should be reassigned to a different judge. We find no error requiring remand of this case.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Christopher M. Murray
/s/ James Robert Redford

-10-