*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GEREMY ALAN WILLIAMS,

Defendant-Appellant.

UNPUBLISHED
October 14, 2025
10:21 AM

No. 359364
Livingston Circuit Court
LC Nos. 20-026527-FH;
20-026528-FH;
20-026529-FH

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of methamphetamine possession, MCL 333.7403(2)(b)(*i*); three counts of methamphetamine delivery, MCL 333.7401(2)(b)(*i*); and one count of domestic violence, MCL 750.81(2). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 6 years to 40 years in prison for methamphetamine possession, 7 years to 40 years in prison for methamphetamine delivery, and 93 days in prison for domestic violence. Defendant appeals by leave granted,[1] arguing that his sentences for methamphetamine possession and methamphetamine delivery are disproportionate. We affirm.

## I. BACKGROUND

Defendant sold methamphetamine to undercover officers on multiple occasions in 2020. Methamphetamine was also located in defendant's home and car. During this period, defendant also had a physical altercation with his girlfriend in which he twice forcibly pulled her into his car, at one point hitting her temple against the doorframe while throwing her into the car. After entering pleas as described above, defendant was sentenced within the advisory guidelines.

---

[1] *People v Williams*, unpublished order of the Court of Appeals, entered March 12, 2024 (Docket No. 359364).

## II. ANALYSIS

Defendant's sole argument on appeal is that his sentences for methamphetamine possession and methamphetamine delivery are disproportionate.

This Court reviews a challenge to a sentence within the minimum guidelines range for reasonableness under *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017). *People v Posey*, 512 Mich 317, 326; 1 NW3d 101 (2023). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500 Mich at 471. "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *People v Seadorf*, 322 Mich App 105, 109; 910 NW2d 703 (2017) (quotation marks and citation omitted).

A sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460 (quotation marks and citation omitted). "Michigan's sentencing guidelines are now advisory only, but trial courts must still consult the guidelines and take them into account during sentencing." *People v Teike*, 348 Mich App 520, 538; 19 NW3d 733 (2023). "Appellate courts are no longer required to affirm within-guidelines sentences absent an error in the sentencing-guidelines scoring or inaccurate information relied on by the trial court in sentencing." *Id*. "However, sentences that fall within the properly calculated guidelines minimum sentence range are rebuttably presumed to be proportionate." *Id*. "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted).

Defendant concedes that his sentence of six years' (or 72 months') imprisonment for methamphetamine possession was within the minimum guidelines range of 19 months to 76 months, and his sentence of seven years' (or 84 months') imprisonment for methamphetamine delivery was within the minimum guidelines range of 72 months to 240 months. Therefore, the sentences are presumptively reasonable.

When considering whether a sentence is proportionate, this Court should consider factors including "(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019) (quotation marks and citation omitted).

Defendant first argues that the trial court did not properly consider the seriousness of his offenses, because his methamphetamine convictions were nonviolent and stemmed from transactions with undercover officers. The trial court found the methamphetamine offenses to be serious, stating that, as a "drug deliverer," defendant was "getting other people hooked on drugs." Therefore, the trial court did consider defendant's conduct and the seriousness of the offense, defendant's assertion that the actual drug transactions were nonviolent is not an unusual circumstance, and this factor does not support defendant's sentence being disproportionate.

With respect to defendant's argument that the guidelines failed to address factors, including the state's goal of rehabilitation, it is true that Michigan has a "longstanding goal of and preference for punishments that allow for rehabilitation." *People v Taylor*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket Nos. 166428; 166654); slip op at 30-31. Nevertheless, even a sentence of life without the possibility of parole may be consistent with this principle, as factors including deterrence and punishment may also justify a sentence. See *People v Adamowicz*, 346 Mich App 213, 230-231; 12 NW3d 35 (2023). Here, the trial court acknowledged that defendant may need treatment for underlying substance addiction and mental health issues, but it concluded that a prison sentence was more appropriate. The trial court noted that defendant denied having mental health issues, and then concluded that his denial of mental health issues and history of probation violations made rehabilitation via therapeutic treatment outside of prison unlikely. Defendant has not shown that the trial court failed to consider rehabilitation as a factor in sentencing.[2]

We also reject defendant's next assertion that he did not engage in misconduct while in custody awaiting hearings for this case and the trial court erred regarding this factor. Even assuming that defendant is correct in that he did not engage in misconduct while in custody, the trial court noted that defendant had an extensive history of probation violations, had failed to comply with sex offender registration requirements, and previously failed to appear for a sentencing hearing. Given this history, the trial court adequately considered defendant's history of misconduct on probation and failure to comply with requirements in the aftermath of his offenses, and did not err when considering this factor.

Finally, defendant argues that the trial court erred when it did not consider his remorse. But the trial court did address whether he expressed remorse or acceptance of responsibility, stating, "I don't know what makes you think that you're not a drug deliverer because you are and you have a past in doing that." The trial court further stated that defendant blamed his actions on others. In sum, the trial court fully addressed whether defendant expressed remorse or responsibility and concluded that defendant did not.

Defendant has not demonstrated any "unusual circumstance[s]" that would render his within-guidelines sentences disproportionate. *Bowling*, 299 Mich App at 558.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates

---

[2] While the trial court did not address the fact that defendant had a daughter, defendant has not addressed how this is an "unusual circumstance," especially in light of the seriousness of the offense and his history of not complying with probation. *Bowling*, 299 Mich App at 558-559.