PEOPLE v ERIC THOMPSON

Docket No. 47202. Submitted September 3, 1980, at Grand Rapids.—
Decided November 5, 1980.

Pursuant to a plea bargain, defendant, Eric L. Thompson, pled
guilty to a charge of unarmed robbery in Kent Circuit Court,
John T. Letts, J. As part of the plea agreement, the prosecutor
agreed not to file a supplemental information charging the
defendant as an habitual offender. Defendant appeals, contend-
ing that the plea bargain was illusory because the prosecutor
had not filed the supplemental information along with the
original information, that the prosecutor was required to do so
before he could charge defendant as an habitual offender, and
that failure to so file precluded the prosecutor from proceeding
against the defendant as an habitual offender. *Held:*

Although defendant may not have received as many benefits
as he expected to receive under the plea agreement, he did
receive many benefits for his plea. The plea bargain, therefore,
was no illusion.

Affirmed.

T. M. Burns, J., dissented. He would remand the case for a
hearing on the question of whether the defendant's decision to
plead guilty was substantially based on the promise of the
prosecutor not to charge him as an habitual offender. If it was,
the plea should be vacated. If not, the plea should be affirmed.

Opinion of the Court

1. Criminal Law — Guilty Pleas — Plea Bargains.

A plea bargain wherein a defendant has received many benefits is
not illusory even though he may not have received as many
benefits as he expected.

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law § 491.5.

Enforceability of plea agreement or plea entered pursuant thereto,
with prosecuting attorney involving immunity from prosecution
for other crimes. 43 ALR3d 281.

Opinion of the Court

Dissent by T. M. Burns, J.

2. CRIMINAL LAW — GUILTY PLEA — ILLUSORY PLEA BARGAINS.

> *A plea bargain is illusory where the guilty plea is induced by a promise not to prosecute the defendant on a charge which could never have been brought; if a guilty plea is induced by such an illusory promise, it should be vacated regardless of whether the defendant received other benefits as a result of his plea.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant pled guilty to the offense of unarmed robbery, MCL 750.530; MSA 28.798. As a part of the plea agreement, the prosecutor agreed not to file a supplemental information charging defendant as an habitual offender.

On appeal, defendant claims that the bargain for his plea was an illusion because the people did not file a supplemental information at the same time that the original information was filed. He contends that under *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), the people were foreclosed from filing a supplemental information and that, therefore, he did not receive any benefit from his plea bargain.

The facts in this case indicate that the defendant was originally charged with armed robbery, MCL 750.529; MSA 28.797. In addition to the agreement that the prosecutor would not charge defendant as an habitual offender, the plea bargain in this case consisted of the following agreements: The original information was amended to unarmed robbery, to which charge the defendant

pled guilty; another armed robbery offense was amended to unarmed robbery and dismissed; and a charge of possession of marijuana was dismissed.

In our opinion defendant's bargain was no illusion. Defendant may not have received as many benefits as he thought he would be receiving for his plea, but he did receive many benefits for the plea.

Affirmed.

T. M. BURNS, J. *(dissenting).* I dissent. It is clear that under the holding of the Michigan Supreme Court in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), a supplemental information charging the defendant as a habitual offender could not have been filed under the facts of this case. It may be true that defendant's plea of guilty to the instant offense of unarmed robbery was induced by other offers of the prosecutor and not by the prosecutor's promise not to supplement him. However, we are in no position to hold this absent an evidentiary record on this matter. Therefore, I would remand for a hearing on the question of whether defendant's decision to plead guilty in this case was substantially based on the promise of the prosecutor not to charge him as an habitual offender. If it was, defendant's plea should be vacated. Of course, if defendant's plea was in no way substantially affected by the promise to forego charging him as an habitual offender, his plea should be affirmed. Nonetheless, until such an evidentiary record is before this Court, I would hold that we can not properly affirm defendant's plea without speculating as to his motives in tendering it.

I would remand for a hearing on this issue.