# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EDWARD DUANE POINTER-BEY,

Defendant-Appellant.

FOR PUBLICATION
October 10, 2017
9:15 a.m.

No. 333234
St Clair Circuit Court
LC No. 15-000533-FC

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant pleaded guilty to armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.529; MCL 750.157a, bank robbery, MCL 750.531, conspiracy to commit bank robbery, MCL 750.531; MCL 750.157a, two counts of assault with a dangerous weapon (felonious assault), MCL 750.82, possession of a firearm in the commission of a felony (felony-firearm), second offense, MCL 750.227b, and felon in possession of a firearm (felon-in-possession), MCL 750.224f. Defendant now appeals by delayed leave granted.[1] Because there were errors in the plea proceedings that would entitle defendant to have his plea set aside, we vacate the trial court's orders denying defendant's motions to withdraw his plea and remand for proceedings consistent with this opinion under MCR 6.310(C).

Defendant's convictions arise from his actions on February 20, 2015, when he and two co-conspirators robbed a bank in Marysville, Michigan. The prosecutor charged defendant with 8 counts: (1) armed robbery, (2) conspiracy to commit armed robbery, (3) bank robbery, (4) conspiracy to commit bank robbery, (5) felonious assault, (6) felony-firearm, (7) a second count of felonious assault, and (8) felon in possession. The prosecutor and defendant entered into a plea agreement, pursuant to which defendant pleaded guilty as charged on September 21, 2015.

At the plea hearing, the prosecutor placed the terms of the agreement on the record, explaining that, in exchange for defendant's plea, the prosecutor agreed not to charge defendant with another bank robbery committed on January 20, 2015. Additionally, in terms of sentencing,

---

[1] *People v Pointerbey*, unpublished order of the Court of Appeals, entered July 11, 2016 (Docket No. 333234).

-1-

the prosecutor agreed to reduce defendant's habitual offender status from fourth-offense—with a 25-year mandatory minimum under MCL 769.12(1)(a)—to third-offense. Following the prosecutor's recitation of the agreement, the trial court stated on the record that "a 20 year minimum sentence would be appropriate." Defendant provided a factual basis for his plea on the record and then pleaded guilty.

After defendant pleaded guilty, he filed a motion to withdraw his plea, which the trial court denied. The trial court then sentenced defendant as a third-offense habitual offender, MCL 769.11, to 15 to 40 years' imprisonment for the armed robbery, conspiracy to commit armed robbery, bank robbery, and conspiracy to commit bank robbery convictions, four to eight years' imprisonment for each felonious assault conviction, 5 to 10 years' imprisonment for the felon-in-possession conviction, and a consecutive five years' imprisonment for the felony-firearm, second offense. Following his sentencing, defendant filed another motion to withdraw his plea, which the trial court again denied. Defendant now appeals by leave granted.

## I.  MOTIONS TO WITHDRAW PLEA

On appeal, defendant first submits that the trial court abused its discretion by denying his motions to withdraw his plea. Specifically, defendant contends that the plea proceedings were defective because (1) defendant was not informed of the sentencing consequences related to his convictions for felonious assault and felon-in-possession, (2) there was no factual basis for his felony-firearm conviction because defendant had not previously been convicted under MCL 750.227b, (3) his plea was illusory because he was not subject to a 25-year mandatory minimum as a fourth-offense habitual offender, and (4) the trial court made promises of leniency at the plea hearing which were not fulfilled insofar as the trial court failed to sentence defendant in accordance with the initial *Cobbs*[2] evaluation.

Defendant preserved his arguments by filing motions to withdraw his plea in the trial court. See MCR 6.310(D). We review for an abuse of discretion a trial court's ruling on a motion to withdraw a plea. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011) (citation and quotation marks omitted). This Court reviews de novo underlying questions of law and for clear error the trial court's factual findings. *People v Martinez*, 307 Mich App 641, 646-647; 861 NW2d 905 (2014).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Al-Shara*, 311 Mich App 560, 567; 876 NW2d 826 (2015) (citation omitted). However, a defendant may move to have his or her plea set aside based on an error in the plea proceedings. MCR 6.310(B)(1), (C). To succeed on such a motion, the defendant "must demonstrate a defect in the plea-taking process." *Brown*, 492 Mich at 693.

---

[2] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

"Guilty- and no-contest-plea proceedings are governed by MCR 6.302." *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). Under MCR 6.302, to be valid, a plea must be "understanding, voluntary, and accurate." *Brown*, 492 Mich at 688-689. To ensure that a plea is accurate, the trial court must establish a factual basis for a guilty plea. MCR 6.302(D); *People v Plumaj*, 284 Mich App 645, 648 n 2; 773 NW2d 763 (2009). "In order for a plea to be voluntary and understanding, the defendant must be fully aware of the direct consequences of the plea." *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016) (citation and quotation marks omitted). "The penalty to be imposed is the most obvious direct consequence of a conviction." *Id.* (citation, brackets, and quotation marks omitted). Therefore, MCR 6.302(B)(2) requires the trial court to advise a defendant, prior to the defendant entering a plea, of "the maximum possible sentence for the offense and any mandatory minimum sentence required by law." *Brown*, 492 Mich at 689.

## A. SENTENCES FOR FELONIOUS ASSAULT & FELON-IN-POSSESSION

Given the requirements of MCR 6.302, in this case, we conclude that defendant's guilty plea was not understandingly entered because defendant was not informed of the maximum sentence for felon-in-possession. At defendant's sentencing, the prosecutor informed the trial court of defendant's plea agreement, stating that defendant:

> will be pleading guilty as charged to Count One, which is robbery armed, with maximum penalty is [sic] life or any term of years; Count Two, conspiracy to commit robbery armed, also life offense or any term of years; Count Three, bank robbery, life offense or any term of years; Count Four, conspiracy to commit bank robbery, life offense or any term of years; Count Five, which is assault with a dangerous weapon or felonious assault . . . ; Count Six, weapon felony firearm, second offense, which is mandatory five year consecutive; Count Seven, assault with a dangerous weapon felonious assault . . . which is a four year maximum penalty and Count Eight, which is weapon firearm, possession by a felon.

In providing this explanation of defendant's maximum sentences, the prosecution failed to state the maximum sentences for Count Five, felonious assault, and Count Eight, felon-in-possession. The prosecutor did advise defendant, in relation to Count Seven, that felonious assault carried a maximum penalty of 4 years. But, even if this should be understood to apply equally to Count Five, the fact remains that defendant was not informed of the maximum possible sentence for felon-in-possession. For that reason, the erroneous advice rendered defendant's plea proceeding defective. *Brown*, 492 Mich at 694; *Blanton*, 317 Mich App at 119-120. Consequently defendant is entitled to withdraw his plea in its entirety, *Blanton*, 317 Mich App at 126; and, the trial court's failure to allow defendant to do so constituted an abuse of discretion. Based on the foregoing, this matter must be remanded to the trial court, where defendant shall be given "the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea" pursuant to MCR 6.310(C).

## B. FELONY-FIREARM

Next, in terms of the accuracy of defendant's plea, defendant contends that there was no factual basis for his felony-firearm conviction because, although he was sentenced as a second

offender, he did not have a prior conviction under MCL 750.227b. Contrary to defendant's framing of the matter, this issue does not concern the accuracy of his plea. A conviction under MCL 750.227b "requires proof beyond a reasonable doubt that a defendant carried a firearm during the commission or attempted commission of a felony *and nothing more*." *People v Miles*, 454 Mich 90, 99; 559 NW2d 299 (1997) (emphasis added). Consequently, defendant's plea was accurate because defendant admitted at the plea hearing that he possessed a gun during the bank robbery, and this provided a factual basis for his felony-firearm conviction. See MCR 6.302(D)(1).

Whether defendant "was a first-, second-, or third-time offender under the felony-firearm act affects only the duration of the defendant's sentence." *Miles*, 454 Mich at 100. In other words, a prior conviction under MCL 750.227b is not an element of felony-firearm; instead, it is relevant to determining whether defendant should be subjected to a sentencing enhancement. *Miles*, 454 Mich at 99-100. Because a prior conviction is not an element of felony-firearm, any error relating to defendant's lack of a prior conviction under MCL 750.227b does not affect the accuracy of defendant's felony-firearm plea.

Nevertheless, we agree with defendant's substantive arguments regarding MCL 750.227b and we find that defendant is entitled to relief on appeal. In particular, defendant contends that he should not be sentenced as a second-offender under MCL 750.227b because he does not have a prior conviction under MCL 750.227b. In comparison, the prosecutor contends that defendant should be sentenced as a second-offender because he has a prior conviction under a federal statute similar to MCL 750.227b.

With regard to the sentencing enhancement for a second offense, MCL 750.227b(1), the felony-firearm statute, provides:

> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony and shall be punished by imprisonment for 2 years. Upon a second conviction *under this subsection*, the person shall be punished by imprisonment for 5 years. [Emphasis added.]

To have a "*second* conviction under this subsection," logic dictates that there must have been a prior conviction. See *People v Alexander*, 422 Mich 932; 369 NW2d 461 (1985). And, the phrase "this subsection" clearly refers to MCL 750.227b(1). Contrary to the prosecutor's argument on appeal, the statute gives no indication that convictions under statutes from other jurisdictions should be deemed convictions under "this subsection," and we will not add such a provision to the statute. See *People v Carruthers*, 301 Mich App 590, 604; 837 NW2d 16 (2013). As written, the plain language of the statute unambiguously requires a defendant to have been previously "convicted" of felony-firearm under MCL 750.227b(1) before the defendant can be subjected to a mandatory five year prison term as a second-offender.

Here, in the felony information, the prosecution stated that defendant had been convicted under MCL 750.227b on or about June 3, 1993. However, according to the PSIR, defendant has never been convicted of felony-firearm under MCL 750.227b(1). Rather, in 1993, defendant was convicted of using a firearm to commit a violent crime, in violation of 18 USC 924(c)(1)(A), in

the United States District Court for the Eastern District of Wisconsin. Because this federal conviction was not obtained under MCL 750.227b(1), the federal conviction could not be used to enhance defendant's mandatory consecutive sentence to a 5-year term for a second offender. Given that defendant was given misinformation regarding the mandatory minimum sentence he faced for felony-firearm, the plea proceedings were defective under MCR 6.302(B)(2). See *Brown*, 492 Mich at 694; *Blanton*, 317 Mich App at 119-120.

Moreover, given that defendant's felony-firearm sentence was invalid, defendant is entitled to correction of this invalid sentence.[3] "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *Miles*, 454 Mich at 96. As discussed, there is no statutory basis for a 5-year sentence in this case because defendant is not a second-offender under MCL 750.227b(1). Instead, he faces only a 2-year term under MCL 750.227b(1). Because the sentence exceeds the statutory limit set forth in MCL 750.227b(1), it is invalid and must be corrected.

## C. HABITUAL OFFENDER

Next, defendant asserts that his plea bargain was illusory because, contrary to the prosecutor's representations, he was not subject to a 25-year minimum under MCL 769.12(1)(a) as a fourth-offense habitual offender. While there is merit to defendant's assertion that he did not face a 25-year minimum, in our judgment this does not render defendant's plea illusory where the record is clear that he received many benefits in exchange for his plea.

A criminal defendant may be entitled to withdraw his or her guilty plea if the bargain on which the guilty plea was based was illusory, i.e., the defendant received no benefit from the agreement. *People v Harris*, 224 Mich App 130, 132; 568 NW2d 149 (1997). In this case, one of the purported benefits of the plea bargain was the prosecutor's agreement to take the 25-year mandatory minimum for fourth-offense habitual offenders under MCL 769.12(1)(a) "off the table." However, defendant contends that MCL 769.12(1)(a) is inapplicable to this case, meaning that the agreement to forego pursuit of this 25-year mandatory minimum had no value and his plea was illusory. See *People v Bonoite*, 112 Mich App 167, 169; 315 NW2d 884 (1982) ("[I]f defendant's plea was induced by a promise to forego habitual offender proceedings when no such proceeding would be warranted, the plea bargain was illusory.").

Relevant to defendant's argument, MCL 769.12(1)(a), states:

(1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, *whether the convictions occurred in this state or*

---

[3] While defendant did not entitle his motion in the trial court as one for resentencing or to correct an invalid sentence under MCR 6.429, he plainly argued that he was not subject to enhanced sentencing as a second-offender under MCL 750.227b. To ignore this meritorious sentencing argument based on defendant's label for his timely motion would exalt form over substance. *People v Lloyd*, 284 Mich App 703, 706; 774 NW2d 347 (2009).

*would have been for felonies or attempts to commit felonies in this state if obtained in this state*, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

(a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, *and 1 or more of the prior felony convictions are listed prior felonies*, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only. [Emphasis added.]

The phrase "listed prior felony" is statutorily defined by MCL 769.12(6)(a), to mean "violation or attempted violation" of specified Michigan statutory provisions. In listing these specific Michigan statutory provisions, MCL 769.12(6)(a) contains no indication that convictions under comparable statutes from other jurisdictions should be considered "listed prior felonies" for purposes of MCL 769.12(1)(a), and we will not add such a provision to the statute. See *Carruthers*, 301 Mich App at 604.

We recognize that, as emphasized by the prosecutor, MCL 769.12(1) indicates that an individual is subject to MCL 769.12 if the person commits a subsequent felony in Michigan and that person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the prior convictions occurred in Michigan "or would have been for felonies or attempts to commit felonies in this state if obtained in this state." However, we are not persuaded that this general instruction applies to the determination of "listed prior felonies" for purposes of MCL 769.12(1)(a). As used in MCL 769.12(1)(a), "prior felony convictions" are distinguished from "*listed* prior felonies," and the phrase "listed prior felony" is given a specific statutory definition that does not encompass convictions arising under federal statutes or the statutes of other states. This specific definition of "listed prior felonies" for purposes of MCL 769.12(1)(a) controls over the more general instruction that felonies from other jurisdictions should be considered under MCL 769.12(1). See *People v Meeks*, 293 Mich App 115, 118; 808 NW2d 825 (2011) ("[W]hen a specific statutory provision differs from a related general one, the specific one controls.").

In this case, defendant has no convictions under the Michigan statutes identified as "listed prior felonies" under MCL 769.12(6)(a). The prosecution asserts that defendant has a federal conviction for armed bank robbery under 18 USC 2113(a) that is comparable to armed robbery under MCL 750.529, a "listed" prior felony under MCL 769.12(6)(a)(*iii*). However, as discussed, "listed prior felonies" are limited to those detailed in MCL 769.12(6)(a), and a conviction under 18 USC 2113(a) is not included in this provision. Thus, defendant's armed bank robbery conviction cannot be considered, and he was not subject to a 25-year minimum under MCL 769.12(1)(a) because he does not have a "listed prior felony."

To the extent the prosecutor offered to take the 25-year minimum "off the table" in exchange for defendant's plea, this concession was based in a misunderstanding of the law and it provided defendant with no actual benefit because he was not subject to MCL 769.12(1)(a).[4] Nevertheless, it is clear that defendant received considerable benefit for his plea, and we are not persuaded by his assertion that the bargain was illusory. For instance, while MCL 769.12(1)(a) did not apply, defendant concedes that he was nevertheless a fourth-habitual offender subject to MCL 769.12(1)(b). In exchange for his plea, the prosecutor agreed to reduce defendant's habitual offender status to third-offense habitual offender, MCL 769.11. Moreover, the prosecutor also agreed not to charge defendant in connection with a second bank robbery committed on January 20, 2015. Given these facts, "[d]efendant may not have received as many benefits as he thought he would be receiving for his plea, but he did receive many benefits for the plea," and we cannot conclude that his bargain was illusory. *People v Thompson*, 101 Mich App 428, 430; 300 NW2d 585 (1980). See also *People v Kidd*, 121 Mich App 92, 97; 328 NW2d 394 (1982).

## D. *COBBS* EVALUATION

Next, defendant argues that he is entitled to withdraw his guilty plea because the trial court sentenced him in excess to the preliminary sentence evaluation. If a defendant pleads guilty in reliance on a judge's preliminary sentencing evaluation and his sentence later exceeds the preliminary evaluation, defendant may withdraw his guilty plea. *Cobbs*, 443 Mich at 283. However, in this case, defendant's sentence did not exceed the trial court's preliminary sentence evaluation. Prior to defendant entering his guilty plea, the trial judge noted:

> I have discussed with all parties involved here what may be considered to be a reasonable minimum sentence in this case as well as the others, and with regard to [defendant] I am satisfied that a 20 year minimum sentence would be appropriate and notwithstanding the offenses that carry mandatory minimums and however they are calculated and the minimum sentence that I think probably under full consideration understanding the max in this case would be 20 years.

While defendant claims he understood that his maximum sentence would be 20 years, when the trial court's remarks are read as a whole, it is plain that the trial court indicated that a 20 year minimum would be appropriate. Consistent with this preliminary evaluation, defendant was sentenced to a minimum of 20 years' imprisonment. Of his concurrent sentences, his longest minimum was 15 years, which combined with the consecutive five years' imprisonment for felony-firearm, totals a minimum of 20 years. Because the trial court sentenced defendant in accordance with the preliminary evaluation, defendant is not entitled to withdraw his guilty plea on that basis. *Cobbs,* 443 Mich at 283.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

---

[4] To the extent that defendant was misinformed that he faced a 25-year mandatory minimum, the plea proceedings also failed to comply with MCR 6.302(B)(2). See *Brown*, 492 Mich at 694; *Blanton*, 317 Mich App at 119-120.

Finally, in his brief on appeal, as well as in his Standard 4 brief on appeal, defendant advances several claims of ineffective assistance of counsel. No factual record has been created with respect to defendant's claims, meaning that our review is limited to mistakes apparent on the record. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citation omitted). When claiming ineffective assistance of counsel, it is defendant's burden to prove "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (citation and quotation marks omitted). Defendant also bears the burden of establishing the factual predicate for his claim. *Id.*

First, defendant contends that counsel provided ineffective assistance by failing to recognize that defendant was not subject to sentencing enhancement for felony-firearm under MCL 750.227b(1) and for failing to ensure that defendant was correctly advised of all his sentencing consequences as required by MCR 6.302(D). Given that we have already granted defendant relief in connection with these issues, his ineffective assistance of counsel arguments in this regard are moot and we need not consider them. See *People v Jones*, 317 Mich App 416, 432; 894 NW2d 723 (2016).

Second, in his brief on appeal, defendant argues that defense counsel was ineffective by allowing defendant to enter into an illusory plea agreement. However, as discussed above, defendant's plea agreement was not illusory. Therefore, his ineffective assistance claim also lacks merit. *Douglas*, 496 Mich at 592.

Finally, defendant argues that defense counsel was deficient in failing to provide defendant with discovery, for pressuring defendant into pleading guilty, and for failing to review the PSIR with defendant. These claims are not supported by the record. Defendant's assertion that he was pressured into pleading guilty is wholly belied by his statements at the plea hearing, during which he testified that he was offering his guilty plea freely and voluntarily, that no one had threatened or coerced him into accepting the plea agreement, and that his plea was not made under duress. Cf. *People v White*, 307 Mich App 425, 432; 862 NW2d 1 (2014). There is also no indication that counsel failed to provide discovery to defendant or failed to review the PSIR with him; and, in any event, defendant does not explain how such purported failings affected the outcome of the plea proceedings.[5] Defendant has not shown that he was deprived of the effective assistance of counsel. See *Solloway*, 316 Mich App at 188.

---

[5] To the extent that defendant requests a remand to develop an evidentiary record, this Court has twice denied this request. *People v Pointerbey*, unpublished order of the Court of Appeals, entered December 20, 2016 (Docket No. 333234); *People v Pointerbey*, unpublished order of the Court of Appeals, entered May 10, 2017 (Docket No. 333234). Those decisions are now the law of the case. See *White*, 307 Mich App at 428-429. In any event, we see no need for further

## III.  CONCLUSION

In sum, we vacate the trial court's denial of defendant's motion to withdraw his guilty plea and we remand for proceedings under MCR 6.310(C).  As discussed, the plea proceedings were defective insofar as defendant was not informed of the sentencing consequences for felon-in-possession and he was misadvised with regard to the mandatory minimum he faced for felony-firearm under MCL 750.227b(1).  Although defendant's plea bargain was not illusory, defendant was also misinformed that he faced a 25-year mandatory minimum under MCL 769.12(1)(a).  Given these deficiencies, defendant should be given an opportunity to withdraw his guilty plea under MCR 6.310(C).  Consequently, we remand for proceedings consistent with this opinion.

We vacate the trial court's order denying defendant's motion to withdraw his guilty plea, and remand to the trial court for proceedings consistent with this opinion pursuant to MCR 6.310(C).  We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly

---

factual development.  MCR 7.211(C)(1)(a)(*ii*).  Defendant's request for an evidentiary hearing is again denied.