*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIC DWAYNE WEAVER,

        Defendant-Appellant.

UNPUBLISHED
January 18, 2024

No. 362740
Oakland Circuit Court
LC No. 2021-276877-FC

Before: GLEICHER, C.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Eric Dwayne Weaver pleaded no contest to assault with intent to commit murder, MCL 750.83, and was sentenced as a fourth-offense habitual offender, MCL 769.12, to 30 to 60 years' imprisonment. Weaver could not be sentenced as a fourth-offense habitual offender; he could be sentenced only as a third-offense habitual offender. Weaver was not "fully aware of the direct consequences of his plea" before he agreed to it, *People v Guyton*, 511 Mich 291; 299;___ NW2d ___ (2023) (Docket No. 163700), slip op at 6 (quotation marks and citations omitted), rendering his plea unknowing and without understanding. We vacate the trial court's order denying Weaver's motion to withdraw his plea and remand to allow Weaver the option of withdrawal.

## I. BACKGROUND

The prosecution charged Weaver with assault with intent to commit murder. The prosecution filed a notice of intent to seek a sentence enhancement for a fourth offense or higher habitual offender with a "mandatory 25 year minimum." To support this enhancement, the prosecution relied on Weaver's prior convictions of 1) unarmed robbery in violation of MCL 750.530; 2) attempted second-degree home invasion in violation of MCL 750.110a(3); and 3) attempted unlawful use of a motor vehicle (joyriding) in violation of MCL 750.414. The notice indicated that the maximum penalty upon sentence enhancement was "not less than 25 years to a maximum of life" pursuant to MCL 769.12(1)(a) and (6)(c).

At the plea hearing, the prosecutor explained that the original sentencing enhancement notification was for a "super hab," "which has a mandatory 25-year minimum." In exchange for Weaver's no contest plea, the prosecutor agreed to file a new sentencing enhancement notification

for "a regular habitual fourth." That enhancement still had a maximum of life imprisonment, but no mandatory minimum. Therefore, the court could sentence Weaver based on the guidelines. Defense counsel advised Weaver on the record that his guidelines would be either 10 to 35 or 18 to 62 years.

The parties reminded the court of the plea agreement at sentencing. Yet the court sentenced Weaver to 30 to 60 years' imprisonment. Weaver subsequently sought to withdraw his plea complaining that it was illusory. Specifically, Weaver pleaded no contest on the understanding that his minimum sentence would be at the low end of the guidelines, and not more than the 25-year minimum sentence that accompanied a super habitual enhancement. The court rejected Weaver's motion as the sentence imposed was within the minimum sentencing guidelines range.

## II. ANALYSIS

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Al-Shara*, 311 Mich App 560, 567; 876 NW2d 826 (2015) (quotation marks and citation omitted). The decision lies within the discretion of the trial court, and we review for an abuse of that discretion a court's denial of a motion to withdraw a plea. *Id*. at 566.

However, one ground *requiring* plea withdrawal is when the plea was not entered knowingly and voluntarily. *Guyton*, 311 Mich at 299. "[F]or a plea to be voluntarily and knowingly given, the accused must be fully aware of the direct consequences of the plea." *Id*. (quotation marks and citation omitted). "The penalty that will be imposed is the most obvious direct consequence of a conviction." *Id*. (cleaned up). "Awareness of the accurate habitual offender enhancement is clearly a relevant circumstance," an integral piece of the penalty, of which a defendant must be accurately advised. *Id*. at 300. "Indeed, we have explicitly held that an applicable habitual offender sentence enhancement is a direct consequence of a guilty plea and that such information should be conveyed to defendants during their plea proceedings, even though it is not explicitly required by MCR 6.302." *Id*.

In *Guyton*, the defendant pleaded guilty to armed robbery in exchange for the prosecutor's promise to 1) abandon seeking charges in an unrelated case; 2) recommend a within-guidelines sentence, and 3) "dismiss the supplemental information charging defendant as a third-offense habitual offender." *Id*. at 296. However, the prosecutor erroneously classified the defendant as a third-offense habitual offender by double counting a prior felony. The defendant's sentence could only be enhanced as a second-offense habitual offender. *Id*. The trial court denied the defendant's motion to withdraw her plea and this Court affirmed. *Id*. The Supreme Court reversed, holding that a plea cannot "be understandingly and knowingly entered into when it was, in a significant part, induced on the basis of an inaccurate understanding of the minimum and maximum possible prison sentence[.]" *Id*. at 303. The Court explained:

> We conclude that . . . defendant's waiver of her constitutional rights through her guilty plea was induced, in part, by the prosecution's and trial court's assertions of an exaggerated benefit of the plea in lieu of proceeding to trial. Specifically, defendant was led to believe that her guilty plea would result in the dismissal of a third-offense habitual offender sentence enhancement—a likely consequence and relevant circumstance of her plea—when she was subject only to

a second-offense habitual offender enhancement. This had a significant practical impact on what defendant perceived her minimum sentence could have been if she had proceeded to trial. . . . [T]here was no correction on the record of the misinformation by the prosecutor, judge, or defense attorney. To not allow defendant to withdraw her plea was an error of law and an abuse of discretion by the trial court. See *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (stating that the trial court necessarily abuses its discretion when it makes an error of law). The Court of Appeals likewise erred by affirming her conviction. [*Guyton*, 511 Mich at 304.]

The trial court, prosecutor, and defense counsel similarly erred in this case. Weaver's sentence could not be enhanced as a fourth-offense habitual offender. Weaver was erroneously led to believe he would benefit from the plea. The trial court committed a clear legal error, and thereby abused its discretion, in denying Weaver's motion to withdraw.

MCL 769.12 provides for enhancing the sentence of a defendant who is a fourth-offense habitual offender as follows:

(1) If a person has been convicted of any combination of 3 or more *felonies or attempts to commit felonies*, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

(a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, *and 1 or more of the prior felony convictions are listed prior felonies*, the court shall sentence the person *to imprisonment for not less than 25 years*. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only.

* * *

(6) As used in this section:

(a) "Listed prior felony" means a violation or attempted violation of any of the following:

(*i*) Section 602a(4) or (5) or 625(4) of the Michigan vehicle code, 1949 PA 300, MCL 257.602a and 257.625.

(*ii*) Article 7 of the public health code, 1978 PA 368, MCL 333.7101 to 333.7545, that is punishable by imprisonment for more than 4 years.

(*iii*) Section 72, 82, 83, 84, 85, 86, 87, 88, 89, 91, 110a(2) or (3), 136b(2) or (3), 145n(1) or (2), 157b, 197c, 226, 227, 234a, 234b, 234c, 317, 321, 329, 349, 349a, 350, 397, 411h(2)(b), 411i, 479a(4) or (5), 520b, 520c, 520d, 520g, 529, 529a, or 530 of the Michigan penal code, 1931 PA 328, MCL 750.72, 750.82, 750.83,

-3-

750.84, 750.85, 750.86, 750.87, 750.88, 750.89, 750.91, 750.110a, 750.136b, 750.145n, 750.157b, 750.197c, 750.226, 750.227, 750.234a, 750.234b, 750.234c, 750.317, 750.321, 750.329, 750.349, 750.349a, 750.350, 750.397, 750.411h, 750.411i, 750.479a, 750.520b, 750.520c, 750.520d, 750.520g, 750.529, 750.529a, and 750.530.

(*iv*) A second or subsequent violation or attempted violation of section 227b of the Michigan penal code, 1931 PA 328, MCL 750.227b.

(*v*) Section 2a of 1968 PA 302, MCL 752.542a.

\* \* \*

(c) "Serious crime" means an offense against a person in violation of section 83, 84, 86, 88, 89, 317, 321, 349, 349a, 350, 397, 520b, 520c, 520d, 520g(1), 529, or 529a of the Michigan penal code, 1931 PA 328, MCL 750.83, 750.84, 750.86, 750.88, 750.89, 750.317, 750.321, 750.349, 750.349a, 750.350, 750.397, 750.520b, 750.520c, 750.520d, 750.520g, 750.529, and 750.529a. [Emphasis added.]

Weaver pleaded no contest to committing a "serious crime"—assault with intent to murder in violation of MCL 750.83. MCL 769.12(6)(c). However, he did not have the requisite number of three or more prior convictions of felonies or attempts to commit felonies to enhance his sentence as a fourth-offense habitual offender. See MCL 769.12(1). Only two of his prior felony convictions were listed felonies under MCL 769.12(6)(a)(*iii*).

Attempted joyriding in violation of MCL 750.414 is not a listed offense. MCL 750.414 provides that a person convicted of joyriding "is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $1,500.00." For purposes of the habitual offender enhancement statutes, a misdemeanor punishable by two years' imprisonment (a high misdemeanor) is considered a felony. *People v Smith*, 423 Mich 427, 434; 378 NW2d 384 (1985).

This case is not that straightforward, however. MCL 750.92(3) provides that a person convicted of attempt for an offense carrying a statutory sentence of less than five years' imprisonment shall be sentenced to a lesser term: "[I]n no case shall the imprisonment exceed ½ of the greatest punishment which might have been inflicted if the offense so attempted had been committed." Accordingly, Weaver's attempted joyriding conviction was a misdemeanor with a sentence of not more than one-year incarceration. There is no precedent for treating this attempted misdemeanor as a high misdemeanor that would qualify as a felony for sentencing enhancement purposes. Absent this conviction, the prosecution could not seek to enhance Weaver's sentence as a fourth-offense habitual offender.

In *People v Pointer-Bey*, 321 Mich App 609, 621; 909 NW2d 523 (2017), the prosecutor agreed "to take the 25-year mandatory minimum for fourth-offense habitual offenders under MCL 769.12(1)(a) 'off the table' " in exchange for the defendant's plea. The defendant's prior convictions, however, did not qualify under the statute. This Court determined that the prosecutor's promise "provided defendant with no actual benefit because he was not subject to

MCL 769.12(1)(a)." *Id*. at 623. This Court determined that relief was not warranted in *Pointer-Bey* because the defendant received other benefits in exchange for his plea. *Id*. at 623-624. That ultimate ruling is called into question by *Guyton*.

But in any event, this case is distinguishable from *Pointer-Bey*. Weaver ultimately received no benefit for his plea. Weaver agreed to plead no contest as charged. The only promise made in exchange was that the prosecutor would remove the 25-year mandatory minimum from the enhancement notice. MCL 769.12(1)(a) did not apply to Weaver as he did not have three or more prior felony convictions. Accordingly, Weaver received no benefit for his plea. We therefore vacate the trial court's denial of Weaver's motion to withdraw his plea. On remand, the court must permit Weaver the opportunity to withdraw his plea if he continues to seek that relief.

We acknowledge that defense counsel did not raise this specific challenge in his appellate brief. However, we ordered the parties to address it at oral argument, *People v Weaver*, unpublished order of the Court of Appeals, entered July 6, 2023 (Docket No. 362740), and both sides had an opportunity to be heard. Appellate defense counsel admitted that both he and trial counsel were ineffective in failing to recognize this ground supporting relief. Just as with any other claim of ineffective assistance of counsel, a defendant claiming ineffective assistance in relation to plea proceedings " 'must show the outcome of the plea process would have been different with competent advice.' " *People v Pennington*, 323 Mich App 452, 461; 917 NW2d 720 (2018), quoting *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012). Had trial counsel realized that attempted joyriding was not a high misdemeanor that could be used to enhance a sentence, he would have advised his client that the plea offered no benefit. The prosecution would have had the opportunity to negotiate a new plea or Weaver could have rejected the offer. Counsel's failure caused significant prejudice and warrants relief.

We vacate the order denying Weaver's motion to withdraw his plea and remand to allow Weaver to withdraw if he so chooses. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Noah P. Hood