*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLICATION
July 25, 2024

Plaintiff-Appellee,

v

No. 362409
Huron Circuit Court
LC No. 2020-306558-FH

THOMAS KENNETH GROKE,

Defendant-Appellant.

Before: LETICA, P.J., and BOONSTRA and MARIANI, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying defendant's motion to withdraw his plea. Defendant pleaded no contest to assault by strangulation, MCL 750.84, and aggravated domestic violence, MCL 750.81a(2). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a prison term of 8 to 15 years for the assault by strangulation conviction, and to 365 days for the aggravated domestic violence conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was charged with assault by strangulation, aggravated domestic violence, and resisting and obstructing a police officer, MCL 750.81d(1), after his former girlfriend alleged that he assaulted her, choked her, and threatened to kill her. Defendant initially elected to have a jury trial. On the second day of trial, the prosecution offered testimony from six witnesses. The following morning, defendant told defense counsel that he wanted to enter a plea of no contest in exchange for the prosecution dropping the charge of resisting and obstructing a police officer. The prosecution agreed to drop that charge if defendant pleaded no contest to the assault and domestic violence charges. Defense counsel discussed defendant's decision with him at length and advised him not to enter the plea. Nevertheless, defendant offered a no-contest plea. As the factual basis for his plea, defendant's former girlfriend testified that defendant hit and choked her, broke her

---

[1] Our Supreme Court remanded this case to us for consideration as on leave granted. *People v Groke*, 512 Mich 889 (2023).

wrist, and threatened to kill her. The trial court conducted a lengthy plea colloquy prior to accepting defendant's no-contest plea. During that colloquy, the trial court specifically asked if defendant was under the influence of or impaired by any medications or substances:

> *The Court*: And, is there anything affecting your ability to understand what's going on here today?
>
> *The Defendant*: No.
>
> *The Court*: . . . I'm being specific because I just want to make sure we're all on the same page. You're not under the influence of any medications or any substances, anything like that that would impair your ability to understand what's going on?
>
> *The Defendant*: Nothing like that, your Honor.

After sentencing, defendant filed a motion to withdraw his plea, arguing that he should be permitted to withdraw his no-contest plea because he had been experiencing a mental health breakdown and suffering from the side of effects of medication he was taking when he offered the plea, which prevented him from entering a voluntary, knowing, and intelligent plea. Specifically, defendant alleged that he had not understood that he was giving up his right to have the prosecution prove its case against him and his right to appeal. Defendant asserted that his mental illness had rendered him incapable of waiving his constitutional rights during the plea colloquy, and that the side effects from the medication had affected him mentally and physically, resulting in him offering a plea that was not knowing, intelligent, and voluntary.

The trial court conducted an evidentiary hearing on defendant's motion. At the hearing, defense counsel testified that he did not observe any unusual behavior from defendant during any of their conversations, especially during their conversation about offering the no-contest plea. Deputy Roy Williamson of the Huron County Sherriff's Department testified that he did not observe any unusual behavior from defendant, and that he and defendant had had two normal conversations on the second day of trial—the day before defendant offered the no-contest plea. Defendant testified that during trial, he had been experiencing physical and mental ailments from his medication, which rendered him unable to enter a valid plea. The trial court concluded that defendant had ample opportunities to inform the trial court that he was experiencing physical and psychological issues, and had failed to do so. Further, the trial court found that there was no indication at the time of the plea colloquy that defendant was experiencing the problems he described, especially since defendant gave clear answers to the trial court's questions and specifically denied being on any medication that was affecting his ability to enter a voluntary, knowing, and intelligent plea. The trial court accordingly denied defendant's motion. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's ruling on a motion to withdraw a plea is reviewed for an abuse of discretion." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015), lv den 499 Mich 861 (2016) (citation omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Id*. (citation omitted). This Court reviews de novo

questions of law and reviews for clear error a trial court's factual findings. *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017).

### III. ANALYSIS

Defendant argues that the trial court erred by denying his motion to withdraw his plea, because defendant's mental health issues prevented him from offering a plea that was voluntary, knowing, and intelligent. We disagree.

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *Al-Shara*, 311 Mich App at 567 (citation omitted). A defendant has the right to withdraw his plea until the trial court accepts the plea. *People v Warren*, 505 Mich 196, 203; 949 NW2d 125 (2020). After sentencing, "a trial court may withdraw a guilty plea if there was an error in the plea proceeding that would entitle the defendant to have the plea set aside." *Id*. (citation and quotation marks omitted). "In other words, a defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *Id*. (citation and quotation marks omitted). A no-contest plea is treated like a guilty plea for withdrawal purposes. *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004).

"The court may not accept a plea of guilty or nolo contendere [no contest] unless it is convinced that the plea is understanding, voluntary, and accurate." *Warren*, 404 Mich at 204 (citation omitted). "[T]his requires a defendant to be informed of the consequences of his or her plea and, necessarily, the resultant sentence." *Id*. (citation omitted). Before accepting a defendant's plea, a trial court must personally engage with defendant on the record and determine that his plea is understanding, voluntary, and accurate. *Id*. (citation omitted); see also MCR 6.302(B)-(E).

In this case, defendant does not allege that the trial court committed an error during the plea-taking process. Rather, defendant argues that, despite clearly and cogently answering the trial court's questions, he did not actually understand all of the rights he was waiving by entering his plea, and that the side effects from his medication rendered him unable to make a voluntary, knowing, and intelligent plea. In support of his position, defendant relies on his post-sentencing affidavit and ensuing evidentiary-hearing testimony that contradict his prior sworn testimony during the plea proceedings. During the plea proceedings, defendant testified that he understood his rights and the repercussions of pleading no-contest. Defendant also testified that there was nothing affecting his ability to understand what was going on at trial. Defendant specifically affirmed that he was not under the influence of any medication that would impair his ability to understand what was going on at trial. Defendant also testified that he voluntarily offered his plea. The trial court followed the requirements articulated in MCR 6.302 before accepting the plea, and defendant clearly and unequivocally affirmed that he understood the rights he was giving up and that he was voluntarily entering the plea. The trial court did not err by finding defendant's post-hoc contradictory representations insufficient to counter this testimony. See, e.g., *People v White*, 307 Mich App 425, 432; 862 NW2d 1 (2014) ("Defendant's contradictory affidavit is insufficient to contradict his sworn testimony in open court.").

Additionally, the record contradicts defendant's factual assertions regarding his ability to enter a voluntary, knowing, and intelligent plea. Defendant argues that he did not understand the rights he was waiving, including the rights to have the prosecution prove its case against him, to

-3-

appeal, and to remain silent. See *Pointer-Bey*, 321 Mich App at 616 (holding a defendant must be fully aware of the direct consequences of his plea for it to be voluntary and knowing). But during the plea proceedings, defendant testified that he understood the rights that he was waiving. Defendant also read an advice-of-rights form with defense counsel present and signed it, thereby acknowledging his understanding of the rights contained therein. Specifically listed on the advice-of-rights form was the right to have the prosecution prove, beyond a reasonable doubt, that defendant was guilty, as well as the right to appeal and to remain silent. Additionally, defense counsel advised defendant not to enter the no-contest plea, demonstrating that, at a minimum, defendant knew that a trained legal professional thought the rights defendant was contemplating waiving were advantageous for defendant to maintain. At no point was there anything to suggest that defendant did not understand his rights or the consequences of waiving them. On this record, we conclude that the trial court did not err when it found that defendant's sworn testimony and signed advice-of-rights form indicated that defendant understood the rights he was waiving prior to entering the plea. *Pointer-Bey*, 321 Mich App at 615.

Defendant also argues that he did not understand the circumstances and events happening around him when he offered his plea, and that he was unable to concentrate during trial or express his thoughts. This argument is not supported by the record. Multiple people observed and spoke with defendant during the days that the trial took place; none of them even suspected that defendant was unable to understand what was happening around him. Defendant told defense counsel that he wanted to plead no contest, and he was unrelenting in his position despite defense counsel advising him against it. In so doing, defendant demonstrated that he was fully capable of expressing what he wanted to do and sticking with his decision. Defense counsel testified that he spoke with defendant for "quite a while" on the day he entered his plea, and that he did not observe anything that caused him concern about defendant's competency. Defense counsel further testified that defendant communicated appropriately with him.

Defendant also had multiple intelligent conversations with Deputy Williamson that demonstrated defendant's understanding of the trial court proceedings and his ability to express his opinion regarding the proceedings. Defendant was able to deduce that the testimony of the prosecution's witnesses was detrimental to him and convey that opinion to Deputy Williamson. In so doing, defendant demonstrated that he understood the impact of the evidence on his chances of a favorable outcome at trial. Moreover, defendant's belief that the proceedings had taken a turn for the worse suggests that defendant decided to enter a plea after concluding that he would likely achieve the best outcome by doing so. Deputy Williamson also testified that nothing about defendant's conduct was unusual or caused him concern. Deputy Williamson's testimony about defendant's behavior was significant because Deputy Williamson had known defendant and interacted with him often since March 2021. Defendant also appropriately answered the trial court's questions during the plea colloquy, demonstrating his ability to understand the trial court's questions, process the content, and respond accordingly.

Additionally, per his own testimony at the evidentiary hearing, defendant's actions on the day of the trial and plea indicated that he was able to understand what was going on around him and process his thoughts. Defendant chose to plead no contest because he understood that it would bring about his desired result—ending the trial. Defendant claimed at the evidentiary hearing that he chose not to inform the trial court about side effects from his medication because he did not want to talk about his health with the trial court. Similarly, defendant claimed that he did not tell

defense counsel about his health problems because he did not want to engage in a long conversation with defense counsel. These decisions, as described by defendant, were based on a calculated analysis of what course of action would bring defendant the outcome he desired, thereby indicating that defendant was aware of what was happening around him and able to think critically about his course of action.

Further, as stated, defendant expressly testified that he was not on any medication that affected his ability to understand what was going on in court. Defendant attempts to introduce new information on appeal regarding the potential side effects of the medications he was taking around the time of trial, but we are not permitted to consider those documents because they were not presented to the trial court. See *People v Morrison*, 328 Mich App 647, 655; 939 NW2d 728 (2019) ("It is impermissible to expand the record on appeal.") (citation omitted). The trial court did consider some medical records that defendant presented at the evidentiary hearing. A psychiatrist's report prepared on March 2, 2021 (nearly three months before trial) noted that defendant was calm, cooperative, and indifferent in affect, but also noted that defendant had suicidal thoughts, was depressed and anxious, felt hopeless, had delusions, and had poor judgment and insight. But defendant presented no medical records or other evidence showing that he was unable to understand what was happening during the plea proceedings on June 25, 2021; and as discussed, the record clearly supports the conclusion that defendant did understand what was happening during the plea proceedings. The trial court did not err by finding that defendant understood what was occurring when he offered his plea. *Pointer-Bey*, 321 Mich App at 615.

Defendant also argues that he only offered the no-contest plea because his mental and physical ailments caused him to want to get out of the courtroom at all costs. However, defendant made the decision to plead no contest while he was in jail, not while he was in the courtroom. Furthermore, even if defendant only pleaded no contest because he did not want to continue with the trial, that does not necessarily mean his plea was involuntary, unknowing, or unintelligent. Defendants are free to enter pleas for any number of reasons and rationales, including ending the trial process early, if they so choose. Defendant's stated rationale for entering a plea did not require the trial court to grant his motion for withdrawal.

The trial court discussed defendant's rights with him on the record, and asked defendant if he understood his rights and wanted to plead no contest. In response, defendant unequivocally stated that he understood his rights and wanted to plead no contest. Defendant specifically testified that he was not on any medication that would affect his ability to offer a voluntary, knowing, and intelligent plea. Defendant also signed the advice of rights form after reviewing it. Further, there is no evidence that defendant's in-court behavior was abnormal, such as to give the trial court notice of a deficiency in defendant's ability to offer a voluntary, knowing, and intelligent plea. Moreover, the record demonstrates that defendant was not experiencing medical symptoms that rendered him unable to offer a voluntary, knowing, and intelligent plea. Based on this and the foregoing evidence, defendant has failed to demonstrate that the trial court abused its discretion when it denied defendant's motion to withdraw his no-contest plea. *Al-Shara*, 311 Mich App at 566; see also *Warren*, 505 Mich at 203 (noting that the defendant bears the burden of demonstrating that "there was an error in the plea proceedings that would entitle him to have the plea set aside") (citation omitted).

Affirmed.

/s/ Anica Letica
/s/ Mark T. Boonstra
/s/ Philip P. Mariani