*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF ORION TOWNSHIP,

       Plaintiff-Appellee,

v

ANTHONY LEEDS,

       Defendant-Appellant.

UNPUBLISHED
August 29, 2024

No. 367456
Oakland Circuit Court
LC No. 2023-202144-AR

PEOPLE OF OXFORD TOWNSHIP,

       Plaintiff-Appellee,

v

ANTHONY LEEDS,

       Defendant-Appellant.

No. 367458
Oakland Circuit Court
LC No. 2023-202182-AR

Before: MARKEY, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

In these consolidated appeals,[1] defendant appeals by leave granted[2] the circuit court's orders denying his applications for leave to appeal his district court sentences for failure to display

---

[1] On January 24, 2024, this Court entered a single order consolidating these appeals. *People of Orion Twp v Leeds*, unpublished order of the Court of Appeals, entered January 24, 2024 (Docket Nos. 367456 and 367458).

[2] *People of Orion Twp v Leeds*, unpublished order of the Court of Appeals, entered August 24, 2023 (Docket No. 367456). *People of Oxford Twp v Leeds*, unpublished order of the Court of Appeals, entered August 24, 2023 (Docket No. 367458).

a valid driver's license, MCL 257.311, in each of these consolidated cases. For the reasons set forth in this opinion, we vacate each of defendant's respective sentences and remand these matters to the district court for resentencing.

## I. BACKGROUND

In each of the underlying cases, defendant was convicted by guilty plea in the 52-3 District Court of failure to display a valid driver's license in violation of MCL 257.311. This offense is a misdemeanor under MCL 257.901. During a single sentencing hearing, the district court sentenced defendant to 30 days in jail for each conviction, with the sentences to be served concurrently. Defendant then filed applications for leave to appeal his sentences to the circuit court, but his applications were denied in both cases. However, this Court subsequently granted defendant leave to appeal in both cases and consolidated them for appeal. In its orders granting leave, this Court further ordered that the defendant be immediately released on personal recognizance bond pending appeal.

## II. STANDARD OF REVIEW

Sentencing decisions must be "based on the principle of proportionality." *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023) (opinion by BOLDEN, J.); accord *id*. at 361 (CAVANAGH, J., concurring in part and concurring in the judgment). In Michigan, the "principle of proportionality requires 'sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 474; 902 NW2d 327 (2017), quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). "[A]ppellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *Posey*, 512 Mich at 352 (opinion by BOLDEN, J.); accord *id*. at 359; *id*. at 361 (CAVANAGH, J., concurring in part and concurring in the judgment); *id*. at 413 (WELCH, J., concurring in part, dissenting in part, and concurring in the judgment).

"[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse*, 500 Mich at 459-460. "A sentence is unreasonable—and therefore an abuse of discretion—if the trial court failed to adhere to the principle of proportionality in imposing its sentence on a defendant." *People v Lampe*, 327 Mich App 104, 125; 933 NW2d 314 (2019). Questions of statutory interpretation are reviewed de novo. *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019).

## III. ANALYSIS

Defendant argues on appeal that the district court abused its discretion by sentencing him to 30-day jail terms for nonserious misdemeanor convictions for failure to display a valid license without reasonable grounds for rebutting the presumption against jail or probation sentences for nonserious misdemeanors as described in MCL 769.5.

MCL 769.5 provides in relevant part as follows:

(3) There is a rebuttable presumption that the court shall sentence an individual convicted of a misdemeanor, other than a serious misdemeanor, with a fine, community service, or other nonjail or nonprobation sentence.

(4) The court may depart from the presumption under subsection (3) if the court finds reasonable grounds for the departure and states on the record the grounds for the departure.

\* \* \*

(7) As used in this section, "serious misdemeanor" means that term as defined in section 61 of the William Van Regenmorter crime victim's rights act, 1985 PA 87, MCL 780.811.

MCL 780.811(1)(a) lists specific misdemeanors or classifications of misdemeanors that are defined as serious.[3] Defendant's convictions under MCL 257.311 did not constitute convictions of serious misdemeanors within the meaning of MCL 780.811(1)(a).[4]

In *People v Mason*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367687), we also addressed a challenge to a jail sentence for a nonserious misdemeanor imposed by the same district court judge that sentenced defendant in this case. In *Mason*, ___ Mich App at ___; slip op at ___, we explained:

> With language providing that there is "a rebuttable presumption that the court shall sentence an individual convicted of a misdemeanor, other than a serious misdemeanor, with a fine, community service, or other nonjail or nonprobation sentence," MCL 769.5(3), and that the court "may depart from the presumption under subsection (3) if the court finds reasonable grounds for the departure and states on the record the grounds for the departure," MCL 769.5(4), these statutory provisions establish a sentencing framework for misdemeanor convictions that is similar to the framework for felony convictions and the legislative sentencing guidelines. In *Posey*, 512 Mich at 359, our Supreme Court held that "on appeal, within-guidelines sentences are to be reviewed for reasonableness, but that applying a presumption of proportionality— . . . through which the defendant bears

---

[3] MCL 780.811(1)(a) has been amended since defendant's conviction to included additional "serious misdemeanors," but failure to display a valid driver's license still has not been added to this list. 2023 PA 177.

[4] We note that defendant was originally charged in each case with driving while license suspended and that defendant was subsequently permitted to plead to the lesser charge of failing to display a valid driver's license. MCL 780.811(1)(a)(*xxiii*) includes within the definition of "serious misdemeanor" a "violation charged as a crime or serious misdemeanor enumerated in subparagraphs (*i*) to (*xxii*) but subsequently reduced to or pleaded to as a misdemeanor." However, the offense of driving while license suspended also does not fall within that list of enumerated serious misdemeanors.

the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate—is appropriate." Similarly, a "nonjail or nonprobation sentence" imposed on "an individual convicted of a misdemeanor, other than a serious misdemeanor," pursuant to MCL 769.5(3) is a presumptively proportionate sentence, as a within-guidelines sentence is for a felony conviction.

Nonetheless, under MCL 769.5(4), a court imposing a sentence for an ordinary misdemeanor conviction remains free to depart from the presumption in MCL 769.5(4) "if the court finds reasonable grounds for the departure and states on the record the grounds for the departure." This provision corresponds to MCL 769.34(3), which provides that a "court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the departure is reasonable and the court states on the record the reasons for departure." The " '[s]entencing courts must justify the sentence imposed in order to facilitate appellate review.' " [*People v Boykin*, 510 Mich 171, 192; 987 NW2d 58 (2022)], quoting *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

When reviewing a sentence that constitutes a departure from the recommended minimum guidelines range, the " 'key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range[.]' " *Steanhouse*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. The same principle applies in this case. The pertinent question is not whether defendant's sentence departed from the rebuttable presumption that a non-jail or non-probation sentence is a proportionate sentence for an ordinary misdemeanor. Instead, the question is whether the sentence is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 474 (quotation marks and citation omitted).

In *Mason*, ___ Mich App at ___; slip op at ___, regarding the district court's imposition of a 93-day jail sentence for the nonserious misdemeanor of driving while license suspended (DWLS), this Court held:

Just like in the context of sentencing guidelines, the district court was obligated to explain why a departure sentence of 93 days in jail was more suitable than a non-jail or non-probation sentence under MCL 769.5(3). The district court's explanation for its sentence should have included "an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). In making such a determination, relevant factors would include those that demonstrate circumstances taking this particular case outside the realm of the ordinary DWLS case. Cf. *id.* ("Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight.") (Citations omitted).

Here, the district court sentenced defendant as follows:

> So you're here today for purposes of sentencing on two separate counts. They were originally driving while license suspended. Pursuant to plea negotiations with the prosecuting attorney, you ultimately pled to the lesser charge of failing to display a valid driver's license. One of the offenses occurred on September 11th of 2020. That was in the Township of Oxford. The other offense occurred on December 18th of 2021, and that was in Orion Township.
>
> The Court finds reasonable grounds to depart from the rebuttable presumption relative to this charge for no jail and/or no—or and/or presumption of fines and costs only. You do have extensive criminal history. You have engaged in the similar and/or similar behavior, so you have a pattern of repeating that behavior in terms of picking up the same and/or similar offenses.
>
> As your attorney's indicated, you've got three bench warrants out for your arrest, so you have a pattern of not complying with court orders. Your criminal history includes, looks like, driving while license suspended out of 48th District Court. There is a conviction date of December 2nd of 2020. Failing to display a valid driver's license out of 85th District Court, conviction date of June 21, 2023. You have a U and P. Probable cause conference, I'm showing, is scheduled for tomorrow, and that's out of 37-1 District Court, so that's a felony case. You've got—and the outstanding bench warrants out of 48th District Court, out of the 6th Circuit Court, and 30th District Court.
>
> Therefore, the Court is going to require that you do serve 30 days in the Oakland County Jail to run concurrent.

In this matter, the district court did not explain why the sentence it imposed was more appropriate than a non-jail sentence. While the district court made note of defendant's criminal record, and seemingly also took into consideration conduct for which defendant had not been convicted, the court failed to take into consideration or to explain why a sentence of jail was more appropriate than a sentence of no jail. This lack of explanation makes it difficult for us to review whether the sentence was reasonable or not. *Id*.; *Lockridge*, 498 Mich at 392. "[I]f it is unclear why the trial court made a particular departure, an appellate court cannot substitute its own judgment about why the departure was justified." *Dixon-Bey*, 321 Mich App at 529 (quotation marks and citation omitted). Accordingly, we vacate defendant's sentences and remand to the district court for resentencing. *Steanhouse*, 500 Mich at 476 ("If the Court of Appeals determines that [the] trial court has abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed, it must remand to the trial court for resentencing.").

-5-

Based on the above conclusion, we decline to address defendant's argument that his sentence was the result of an alleged impermissible sentencing policy employed by the district court.[5]

We vacate defendant's sentences and remand this matter to the district court for resentencing. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett

---

[5] "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *People v Pointer-Bey*, 321 Mich App 609, 620; 909 NW2d 523 (2017) (quotation marks and citation omitted). While we need not determine the existence of a legal sentencing policy, it is worth noting that every case involving the incarceration of nonserious misdemeanors brought before this Court originates from the 52-3 District Court.